GROVE MOORE *vs.* RUST WILSON.

In an action of account at common law, between merchants, it is unnecessary for the plaintiff to state in his declaration from whose hands the defendant received the moneys for which he is called on to account.

THIS was an action of account at common law, in which Moore the plaintiff declared against Wilson the defendant in a plea, That the said Rust render a reasonable account, for the time in which he was receiver of the money of him the said Grove, from whatever cause and contract coming to the common profit of the said Grove and Rust, whereupon the said Grove saith that he the said Grove and the said Rust, were heretofore, to wit, from the first day of February, 1817, to the first day of December, 1820, partners and merchants in company, and equally and jointly interested and connected in carrying on the business of merchandize ordinarily car-

*Bennington*,
July,
1824.

Moore
*vs.*
Wilson.

ried on at stores denominated country stores, to wit, at Manchester aforesaid, and during the time last aforesaid, the said Rust Wilson as partner as aforesaid, to wit, at Manchester aforesaid, received of and from the profits of the said business, the sum of one thousand five hundred dollars over and above his the said Rust's just share or part of the same, to render a reasonable account of the same to the said Grove, when he the said Rust should be thereto afterwards requested, yet the said Rust, although often requested and demanded, and especially on the 1st day of January, A. D. 1821 at Manchester aforesaid, hath not rendered a reasonable account for the same to the said Grove Moore, but hitherto hath, and still doth refuse so to do, to the damage of the said Grove, as he says, the sum of one thousand five hundred dollars.

To which declaration there was a general demurrer and joinder.

*Sheldon* and *Isham* for the defendant.

In this action it is necessary to specify from whom the money was received for which the action is brought. 1 Vin. Abr. 151, 175, 176. Co. Lit. 172. Bull. N. P. 127. 1 Com. Dig. 122. And the reasons are,

1st.—That those allegations in the declaration are material and traversable, and plaintiff cannot declare, in the same declaration, of a receipt from the plaintiff and a receipt from a stranger, for that makes two issues. 1Vin. Abr. 150. 1 Com. Dig. 118.— (*a* 4) 123.—(*e* 5.) 1 Cro. Eliz. 614.

2d.—The party is not obliged to account before the Auditors only for the sums specified in the declaration. 1 Vin. Abr. 175, 176.

In those cases, in that part of the declaration which specified from whom the money was received, judgment to account was rendered ; but in that part of the declaration which charged the defendant with moneys received from persons unknown to the defendant, was discharged. As therefore, there is no specification from whom money was received in this declaration, the defendant must be discharged from the whole. Again, if the plaintiff alleges in the declaration one or two individuals from whom money was received, the Court will not order judgment to account for all moneys in the defendant's possession, if it were received from others not mentioned in the declaration, but will render judgment to account only for

those sums which are specified and made certain. For if under such a declaration the defendant were compelled to account for moneys received from persons not mentioned in the declaration, the Court would not have ordered judgment to account as to part of the declaration, and ordered a discharge as to the residue.

3d.—If the plaintiff could have charged the defendant in this action of account as bailiff, there would have been no necessity of making those allegations, as is necessary in charging him as receiver.

4th.—There can be no distinction in this respect between the case of a common receiver and one who becomes such during a partnership concern; for if the same reason exists in the one that exists in the other, the same principles must apply.

In the action of account brought by one merchant against another, those allegations are as material and traversable as in other cases; and the same principles will arise in this, as in the case of a common receiver. And the defendant is compelled to account before Auditors only for the sums so specified and mentioned in the declaration. In either case, it is believed, that because partners are jointly interested in the moneys for which the action is brought, that that can afford no reason why they are enabled to declare more generally than in other cases; for

1st.—In the action of account brought by a tenant in common against his co-tenant, it is necessary to specify in the declaration from whom the money was received. 1 Vin. Abr. 149.

2dly.—In the action of account brought by Church Wardens, it is necessary to make the same specifications, and so are all the forms and entries. 1 Vin. Abr. 176, 177. Amer. Prec. 130, 131. 11 Mod. Rep. 187, Bishop v. Eagle.

In the last case their interest is the same as in the case of partners; and the reason why it is necessary to make those allegations in these cases, apply with equal force to the case of partners. And it is this inconvenience attending the action of account which formed one of the principal reasons why this action has gone almost into disuse, and given ground to the more modern action of *assumpsit*, or to the still more summary method of proceeding by Bill in Equity.

*Bennet* for the plaintiff.

It is contended by the plaintiff's counsel, that this declaration

*Bennington,
July,
1824.*

Moore
*vs.*
Wilson.

is sufficient, and indeed in the case of partners the only one that can be drawn.

It is admitted that in England, in the cases of *tenants in common* and *joint tenants*, it is necessary in actions charging one as *receiver*, or as *Bailiff and receiver*, to allege by *whose hands* the moneys are received ; but its omission there is only cause of special demurrer. In the case of *Bailiffs* it has never been held necessary to state by *whose hands* the goods were received.    1 Coke 172. (*a.*)   7 Bacon 218.    Buller N. P. 127.

The reason of this diversity is, that in the former cases where the defendant is charged *as receiver* from the hand of the plaintiff, he is entitled to his *wager of law*, but not where he is charged as receiver from the hands of a *third* person, or as *Bailiff*.   2 Salk. 683.   1 Vin. 178.

The wager of law was allowed on the ground, that the plaintiff's claim was of a *secret* nature, and supposed incapable of better proof.   2 Bacon 218, 219.   12 Mod. 671, 681.

As the wager of law is the ground of the distinction in England, and as that is not known in this State, the same mode of declaring in the case of receivers would be good, as in the case of Bailiffs.   " *Cessante causa cessat effectus.*"

The action of account at common law between merchants, in favor of trade, is a distinct class of cases, and it is believed the *wager of law* was never allowed in such cases.   Cok. Lit. 172. (*a.*)   B. N. P. 127.

No reason can be shown why, in *this State*, the mode of declaring should be, as the defendant's counsel contend for in the case of *receivers*, which may not be urged with equal propriety in the case of Bailiffs.   The doctrine contended for would, in the case of merchants, abolish the action of account.

The plaintiff must be confined in his judgment *quod computet* to his allegations and proofs.   1 Vin. 175. (*e.*)

Aikens J. delivered the opinion of the Court.

The action of account, though of late but rarely used in England, lay at common law, not only against a guardian in socage, bailiff, or receiver, but also in favor of trade between merchants. The relation of partners constitutes a sufficient privity between them, to give them the action.

Our statute adopting the common law of England, and our act Bennington, July, 1824. relating to actions of account, recognize and adopt the action, as it existed at common law; and the latter act extends it to some other cases.

Moore vs. Wilson.

Coke says, in his Commentary on Littleton, 172, (*a.*) That if two joint merchants occupy their stock, goods and merchandize, in common, to their common profit, one of them naming himself a merchant, shall have an account against the other naming him a merchant, and *shall charge* him as *receptor denariorum ipsius B. ex quacunque causa et contractu ad communem utilitatem ipsorum A. et B. provenien', sicut per legem mercatoriam rationabiliter monstrare poterit.*

Our statute does not prescribe the *mode* of declaring, and the plaintiff in this case, has governed himself by the directions of Lord Coke.

But it is contended by the defendant, that the plaintiff ought to have specified in his declaration, from whom the money was received, for which the action was brought. And this is his cause for demurrer. Authorities are cited, which show that in England, if one be sued in account as *receiver*, it must be declared by whose hands the money was received. The reason assigned by Buller J. for this rule, is, that if it were received by the hands of the plaintiff, the defendant might wage his law—a reason which does not exist here. But it has not been shown, that in England, the wager of law was ever permitted between joint merchants. And it is believed that the rule is there restricted to the case of common receivers.

The true rule is, that where the *privity* between the parties necessary to support the action at common law, depends upon, or is created by the *receipt* of the money, there it must be stated by whose hands it was received, that the defendant may know whence his liability arises, and be prepared to meet it; but where *that privity* arises from the *connection* or *relationship* of the parties, so that money may be presumed to have been received by the one, for which he is accountable to the other, without the knowledge of such other, by whom it was received, (as in the case of bailiffs and partners) then the allegation is not necessary. It would be unreasonable to require it; but the *relation* which constitutes the

*Bennington,*
*July,*
*1824.*

*Moore*
*vs.*
*Wilson.*

privity must in the latter case be stated. It *is stated* in the declaration now under consideration.

It would seem that in the case of common receivers, the judgment *quod computet*, should be in pursuance of the verdict, and the accounting restricted to the receipts proved. This would obviously render the action of account nugatory as between partners.

In actions against bailiffs, the party is, in no case, required to state by whose hands the moneys were received. And every reason, on which the rule is founded, exempting them from this necessity, is equally applicable to the case of co-partners. The Court are, therefore, not inclined to depart from the rule, as laid down by Lord Coke; and their judgment is,

That the declaration is sufficient, and that the defendant do account.