1832.

Roosevelt, surviving executor of Duryee, deceased,      ROOSEVELT
v.
*vs.*      POST.

Post and another, executors of Bunce, deceased, and Abeel and another, administrators of Garrit A. Abeel, deceased.

---

Customarymode of apportioning wharfage in the port of New York amongst joint owners. *Note (a) p.* 580.

Where one is enjoying a right adversely to another, but the latter tacitly consents and acquiesces, no account shall be had beyond the time of filing the bill. This rule applies whenever there has been a mere adverse possession and the delay in asserting the right and calling for an account is attributable to the complainant's own negligence or laches.

Therefore, where the defendants were suffered to take the whole of the wharfage of a bulkhead for some years, upon the supposition of its belonging to them, and this was induced by long acquiescence or remissness on the part of the complainant, who now, for the first time, asserted and proved his right : Held, that he was entitled to an account only from the time of filing his bill.

If, however, there has been any fraud or wilful act on the part of a party in possession or he be confessedly a trustee, guardian, bailiff or agent, then the above rule does not apply.

---

The decretal order in this case made on the eleventh day of February one thousand eight hundred and thirty-three, declared the right of the complainant to participate in and receive a share of the warfage of a certain bulkhead or wharf in the city of New York; and directed a reference to a master in order to ascertain, by evidence, the customary mode of apportioning wharfage among the proprietors of such property and to take an account of what should be due to the complainant from the defendants or any of them for his proportion of the wharfage which had, theretofore, been received by the latter. All further directions were reserved until the coming in of the report.

*April* 10.
1833.

*Adverse possession.*
*Account.*

1833.

ROOSEVELT

v.

POST.

The master pointed out, in his report, the customary mode of apportioning wharfage.  (a)

The cause now came before the court upon the report.

Mr. *J. J. Rooservelt, Jr.* appeared for the complainant.

Mr. *D. Lord, Jr.* for the defendants.

July 1.

THE VICE-CHANCELLOR.   The master has taken an account of the wharfage received from the bulkhead by the several defendants for the whole period of possession prior to the filing of the complainant's bill, that is to say, from the year one thousand eight hundred and eighteen to November one thousand eight hundred and twenty-nine ; with the amounts received by the defendants respectively ; and what would be the complainants proportion thereof and the sums which would be due from the defendants to make up such proportion.   Upon the supposition, however, of the complainant's not being entitled to an account of the same for this length of time, but only for six years prior to the filing of the bill, the master has stated what would be the complainant's proportion of wharfage received during the latter period and the sums payable by the defendants to satisfy the same.   The master has also supposed

*Note (a)*   The following is what the master (D. Codwise, Esq.) found in relation to the apportionment of wharfage : " I have ascertained that the " customary mode of apportioning wharfage among the proprietors of that " species of property in the city of New York in cases where several dif- "ferent persons own distinct portions of a bulkhead or wharf built in front " of their respective lots and a pier is built out in the river at their com- " mon expense covering or occupying the whole or part of the front of " the portion of such bulkhead belonging to one of the proprietors, is, to " distribute the wharfage arising from the bulkhead between the piers to " and amongst the several proprietors rateably according to the breadth of " their respective lots, without any deduction from the proportion of that " proprietor whose portion of bulkhead is covered and occupied in whole " or in part by such pier, for the proportion so covered and occupied."

the question was left open for him to determine upon evidence to be produced, whether the complainant was entitled to any of the wharfage received anterior to the filing of the bill; and having arrived at the conclusion of his being entitled to an account only from the filing of such bill, he reports that nothing is due from the defendants to the complainant.

No exception is taken to the report, so far as it ascertains the customary mode of apportioning wharfage or gives the rule by which it is to be apportioned in this case. But the complainant objects to it, because, as it stands, the same goes to deprive him of all benefit of the wharfage received antecedent to the commencement of the suit. He claims his share and an account from the year one thousand eight hundred and eighteen, when his right first accrued.

The principal question, therefore, which I have to determine is, as to the period from which the account ought to commence?

This point was not passed upon at the time the decretal order was made. Indeed, the cause, as then submitted, did not distinctly present any other question than the general one as to the right of the complainant to participate in common with the defendants in the wharfage of the bulkhead.

From the evidence produced before the master, he reports these facts: that the wharfage was collected by a wharfinger, the common agent of the parties, and paid over by him to the defendants in certain proportions as suggested or directed by Mr. Garret B. Abeel, to the exclusion of the complainant and without any measures being taken by him to prevent it; and that the latter did not assert any right during the whole period or mention his claiming wharfage, except on one or two occasions, when he intimated to the agent that he considered himself entitled to a proportion of it.

And by his laches in not filing a bill sooner, the master decided the complainant had waived his right to an account for the antecedent time.

I think it is the fair inference, from the facts stated by the master, that for the period of about twelve years, the defen-

dants received the wharfage (being in the nature of an incorporeal hereditament) by virtue of their several ownerships of the contiguous lots of land, without any idea of accountability to the complainant ; and this too, with the knowledge of the latter : and he asserting no right. Nor was there any fraud or attempt to conceal from him a knowledge of his rights. And there is no circumstance to show, that any portion of the wharfage was received in trust for the complainant or deemed to be so received either by him or any of the defendants.

The defendants must be looked upon as enjoying this income or revenue among themselves adversely to any rights of the complainant ; and tacitly by his consent and acquiescence. And in such cases, the rule appears to be well established in equity, that the party shall have no account beyond the filing of his bill: *Dormer* v. *Fortescue*, 3. *Atk.* 124; *Pulteney* v. *Warren*, 6. *Ves.* 72. and *Pettiward* v. *Prescott*, 7. *Ib.* 541. It has been followed in later cases: *Edwards* v. *Morgan*, 1. *Mc Clel.* 541. and 13. *Price's* 782. *S. C.* on appeal *I. Bligh's N. S.* 401 ; *Bowes* v. *East London Water Works*, 3. *Mad. R.* 375.

This rule applies whenever there has been a mere adverse possession and the delay in asserting the right and calling for an account is attributable to a plaintiff's own negligence or laches. If, however, there has been any fraud or wilful acts of the defendant or party in possession by which the plaintiff has been prevented from calling for an account or from taking measures to establish his right, or if the person in possession is, confessedly, a trustee, guardian, bailiff or agent or (in the contemplation of this court) is to be so regarded, then the rule just stated does not apply : because it would work injustice. In the last mentioned cases, it is the duty of the party receiving the rents or income to render accounts to his *cestui que trust*, ward or principal, as the case may be ; and he will be held to account from the period when the plaintiff's title accrued, unless he can avail himself of the statute of limitations for his protection as to a portion of the time : *Pearce* v. *Newlyn*, 3. *Mad. R.* 186 ; *Attorney General* v. *Corporation of Stafford*, 1. *Russ.* 547.

'The present case clearly falls within the principle of those which, without reference to the statute of limitations, restricts the right of the party to an account for the period of time subsequent to the filing of his bill. These defendants may have received money to which they were not legally or equitably entitled: but they have been suffered to take it upon the supposition of the same belonging to them; and this supposition was induced by the long acquiescence or remissness of the party, who now, for the first time, asserts a claim. The money may have been expended in a manner which it would not have been, had the defendants not supposed it to be their own; and there may be more hardship and injustice, from a variety of considerations, in compelling them to account and refund, than in leaving the negligent party to the consequences of his own remissness.

I think the master decided correctly; and his account must stand. I am also inclined to say, that the complainant cannot have costs. Each party must bear their own costs of the suit.