SPEAR (DEXTER v.). See Case No. 3,867.

SPEAR (FOWLE v.). See Case No. 4,996.

## Case No. 13,224.

### SPEAR et al. v. NEWELL.

[2 Paine, 267.] [1]

Circuit Court.[2]

ACCOUNT—PARTNERS—GROUNDS OF ACTION—PLEADING.

1. At common law, joint partners may sustain an action of account against each other when the proceeds of the partnership business have been received by one of the partners, and he refuses to account for the same. But this action has almost totally fallen into disuse; a bill in equity being a more convenient and suitable proceeding for the settlement of partnership accounts.

2. This action could be sustained against a bailiff, a receiver, a guardian in socage, as well as against a partner who had received moneys belonging to the partnership. and refused to account. But as it lay only on the ground that money, or its equivalent. had come to the hands of the defendant to be accounted for, it could not be maintained against a dormant partner who receives nothing, and has therefore no account to render.

3. Where, therefore, A., B. & C. entered into partnership in paper-making. under an agreement reciting the purchase and transfer of a lease for a term of years to them as tenants in common, the one-half of all the interest in said lease, together with one-half the benefit of twenty-five hundred dollars rents, already advanced on the same, to be owned and held for the use and benefit of A., and the other half to be the property of B. & C.; and the agreement further provided that B. & C. should furnish all the stock and materials of every description on their own private account and responsibility—pay all the expenses, and take charge of and conduct the business, the business to be done for the mutual profit and loss of the parties according to their respective interest: it was *held*, that an action of account brought by B. & C. to have a settlement of the partnership concerns, and to compel A. to contribute his proportion, could not be sustained.

[Cited in Carlin v. Donegan, 15 Kan. 498.]

4. And where B., one of the partners, (A. being present and consenting thereto,) sold the stock and materials of the partnership to a new company consisting of A. and some third persons. and charged the same on the books of A., B. & C. to the new company, and credited the old company with the same amount, it was *held*, that as an absolute sale had been made to the new company, and that company charged with the amount, the transaction was closed, and no longer open to be accounted for by A. Nor, even if A. were accountable for that specific property. would it authorize the going into the partnership accounts generally.

5. It is a settled rule of the action of account, that nothing can be pleaded before the auditors, contrary to what has been previously pleaded and found by the verdict.

[Cited in Quayle v. Guild, 91 Ill. 390.]

At law.

THOMPSON, Circuit Justice. The agreement under which the parties entered into partnership, is dated 14th Oct., 1828; and after reciting the purchase and transfer of a certain lease for the term of ten years, executed

---

[1] [Reported by Elijah Paine, Jr., Esq.]

[2] [District and date not given. 2 Paine includes cases decided from 1827 to 1840.]

by Henry Barclay to one Ezra C. Woodhull, and transferred by several assignments to the parties to this suit, as tenants in common, and that the one-half of all the interest in said lease, together with one-half of the benefit of twenty-five hundred dollars, rents already advanced on the same, is now owned, and is for the use and benefit of the said Newell, and the other moiety of all the interest in the said lease and rents advanced, is the property of the said Spear, Carlton & Co., the said agreement then provides that Spear, Carlton & Co., are to provide all the stock and materials of every description on their own private account and responsibility, and pay all the expenses for carrying on the business of papermaking, and keep the mill in constant operation night and day; they also to take charge of the mill, and sell all the paper, and keep a proper account of the same, which shall be subject to the inspection of Newell, and every three months render an account of the concern, if required by the said Newell. And in consideration therefor, Newell agrees to allow them to retain in their hands certain commissions stipulated in the agreement: the business to be done for the mutual profit and loss of the parties, according to their interest in the establishment: the partnership to be dissolved by any one of the partners, on giving notice thereof. The business having been carried on for some time under this agreement, unsuccessfully, the present is an action of account brought by Spear, Carlton & Co., to have a settlement of the partnership concerns, and to compel Newell to contribute his proportion of the loss sustained; and the first question is, whether an action of account can be sustained for this purpose? There can be no doubt that at common law joint partners may sustain this action against each other when the proceeds of the partnership business have been received by one of the partners, who refuses to account for the same.[3] But it is equally true, that

the action has almost totally fallen into disuse, especially where there exists a court of chancery. A bill in equity seems to be considered a more convenient and suitable proceeding for the settlement of partnership accounts.[4] But

---

[3] McMurray v. Rawson, 3 Hill, 59. At common law, the action of account lies against guardians in socage, bailiffs and receivers; and in favor of trade, by one merchant against another. By statute, it lies against a joint tenant or tenant in common of real estate for receiving more than his just share or proportion. 1 Rev. St. 750, § 9. This statute also gives an action of assumpsit for money had and received. The older statutes from which this revision was taken, required that the defendant should be charged as bailiff. 1 Rev. Laws 1813, p. 90. When the defendant is charged as bailiff, the declaration specifies the particular goods of which he had the care and management; and when the action is brought by one joint tenant or tenant in common against another, the declaration states the relationship between the parties, and alleges that the defendant received more than his just share and proportion. Hackwell v. Eustman. Cro. Jac. 410; Baxter v. Hozier, 5 Bing. N. C. 288; Jordan v. Wilkins [Case No. 7,526]; Godfrey v. Saunders, 3 Wils. 73; Tawdin v. Lavie, 1 Lil. Ent. 13; 1 Went. Pl. 81–89; 3 Chit. Pl. 1297; and see Wheeler v. Horne, Willes, 208. When the defendant is charged as receptor denariorum, although the writ is general, the count must be special, stating by whose hands the money was received. Co. Litt. 126a; Fitzh.

Nat. Brev. 118, F; Burdet v. Thrule, 2 Lev. 126: Herne, Pl. 11, 13; 1 Mod. Ent. 48, 49; 1 Lil. Abr. 20, 22: Vin. Abr. "Account," W & K; Com. Dig. "Accompt," A, 4, and E, 2; James v. Browne. 1 Dall. [1 U. S.] 339; Jordan v. Wilkins [supra]; Bull. N. P. 217; Walker v. Holyday, Comyn, 272; Andrews v. Thornton, 1 Lil. Ent. 12. But there is said to be an exception to this rule, when the action is between partners. See, per Powell, J., in Bishop v. Eagle, 11 Mod. 186.

[4] To sustain a bill for an account there must be mutual demands, not merely payments by way of set-off; but there must be a series of transactions on one side and of payments on the other. Porter v. Spencer, 2 Johns. Ch. 169; Smith v. Marks, 2 Rand. [Va.] 449. A creditor having obtained a judgment against an executor as such, and sued out a fi. fa. de bonis testatoris, which proved ineffectual, may either resort to his action at law to establish a devastavit, or file a bill in equity against the executor and legatees for an account of assets and proportional contribution to pay the debt. Sampson v. Payne, 5 Munf. 176. Advances made by a father to a daughter who had conveyed her estate to him, and which the court set aside as improperly obtained, will be decreed to be accounted for. Slocumb v. Marshall [Case No. 12,953]. Cir. Ct. Pa. Oct., 1809. Vide Whart. Dig. Supp. tit. "Equity." Every bailment is not a trust, involving an account in equity. Baker v. Biddle [Case No. 764]. Stale demands are not favored in equity when the party acquiesces for a length of time and sleeps on his rights. Baker v. Biddle [supra]. Where one is enjoying a right adversely to another, but the latter tacitly assents and acquiesces, the party shall have no account beyond the filing of his bill. Roosevelt v. Post, 1 Edw. Ch. 579. Aliter, where there has been any fraud, or wilful acts of the party in possession, by which the plaintiff has been prevented from calling for an account, or from taking measures to establish his right. Id. So, if the person in possession be a trustee, guardian, bailiff or agent, he will be held to account from the period the plaintiff's title accrued, unless protected by the statute of limitation. Id. Long and Majestre carried on trade as partners with the funds of Long, in the name of Majestre, who, without any dissolution of the partnership or without rendering any account to Long, afterward, without Long's consent, entered into partnership with Tardy, and carried into the new concern all the funds of the former partnership. On the death of Majestre, (who died intestate,) Long filed a bill against M.'s administrators and Tardy, his surviving partner, for discovery and account. Held, that Long was entitled to an account from Tardy of the transactions and profits of the partnership between him and Majestre, and of the personal estate of the intestate in his hands. Long v. Majestre. 1 Johns. Ch. 305. A master carpenter having been employed to build a house for G., and the terms of the contract being expressed in two agreements between the parties, which were left in the hands of G., the employer brings an action against G. on the agreements, and his counsel finding it necessary, and it being in fact necessary to have copies of the agreements in order to frame his declaration, requires G. to furnish copies thereof; G. refuses to furnish them, whereupon S. dismisses his action at law upon the agreements, and files a bill in equity praying an account and a decree for the balance due for the work done. Held, that the case is properly relievable in eq-

this action of account lies only on the ground that money, or what is equivalent, has come to the hands of the defendant to be accounted for. Vin. Abr. "Account," F, 1. And it is of importance in the administration of justice, that the form of actions which originate in good sense and public convenience, should be kept in view and not be confounded. [Ozeas v. Johnson] 4 Dall. [4 U. S.] 434. This action could be sustained against a bailiff, a receiver, a guardian in socage, as well as against a partner who has received moneys belonging to the partnership, and refuses to account. 1 Inst. 172; Com. Dig. tit. "Account," E, 2; Willes, 208. But the action will not lie in favor of the guardian against his ward, nor in favor of a bailiff against his employer. Vin. Abr. "Account," C, 2; B, 8; D; Com. Dig. "Account," E, 2. This shows that the action lies only against a party who may be called upon to account; and if a partner has received nothing, there can be nothing for which he has to account. Under this view of the action, it is not perceived how the action can be maintained against a dormant partner; he receives nothing, and of course can have no account to render. According to the terms of this partnership Newell had no active concern in carrying on the business, or in selling or disposing of the paper; that was to be done solely by the other partners, and Newell could not have been in the receipt of any of the partnership effects; he stood in the character of a dormant partner; and his copartners, who carried on the business, received their compensation for so doing in commissions. Such are not only the terms of the partnership, but the auditors find expressly that no part of the property, or the avails thereof mentioned in the account, ever came to the hands or possession of Newell; but that the object and effect of the action, if sustained, must be to recover of the defendant a contribution of one-half of the loss sustained by the plaintiffs in prosecuting the business contemplated by the contract. And the auditors further report, that defendant objected to having the accounts taken and settled under this form of action; but the objection was overruled, and the auditors proceeded to hear the proofs, and found and reported that the amount of one-half the loss was $2,046 32, which, with interest, $523 50,

---

uity. Sturtevant v. Goode, 5 Leigh. 83. No time short of twenty years has ever restrained courts of equity from enforcing an account in favor of a legatee against an executor or his representatives. Salter v. Blount, 2 Dev. & B. 218. An assignee of an executor, or of the administrator of an executor, cannot be called to an account by the legatees, where there is no fraud or collusion, even though the assets could be traced and identified. Rayner v. Pearsall, 3 Johns. Ch. 578. Where an executor returns an inventory of debts due the estate, without stating them to be desperate or doubtful, he will be held responsible for them, unless he can show that there were set-offs against them or that the debtors were insolvent, so that the debts could not be collected. Graham v. Davidson, 2 Dev. & B. 155. In the view of a court of equity all debts are of equal dignity; because all debts are equally due in conscience. But it is not so at law; and a court of equity in decreeing payment by an executor or administrator of his testator or intestate must respect the order of preference established at law, for otherwise it might compel him, who is liable only by reason of the assets in his hands, to pay the debts of the deceased out of his proper goods. Benbury v. Benbury, 2 Dev. & B. Eq. 235. In general, wherever a plaintiff's bill renders an account necessary, the account should be ordered for both parties, and both become actors, so that if a balance be found due to the defendant, it ought to be decreed to him. Payne v. Graves, 5 Leigh, 561. And see when a bill for an account will not lie and when barred by laches. Bassett's Adm'r v. Cunningham's Adm'r, 7 Leigh, 402. Chancery will not minutely examine every item in the settlement of voluminous accounts, to find errors, where none are specified by the parties. Caldwell's Ex'r v. Kinkead, 1 B. Mon. 228; s. p., 2 B. Mon. 2. Where an agent has duly and fairly accounted with his immediate and authorized principal, he is not bound to account over again to a person beneficially interested, or standing in the relation of cestui que trust to the principal. Tripler v. Olcott, 3 Johns. Ch. 473. As where F. made a bill of sale of a ship, then on her voyage, and of freight to be earned, to L., which was absolute on the face of it; and L. sent to O., the master of the ship, a copy of a bill of sale, with a power of attorney, and instructions to him as to the disposition of the property, and O. considering L. as the owner from that time, acted as his agent, and afterward accounted to him for the proceeds of the freight, &c.; it was held that O. was not accountable to F. as having a resulting trust, though some of the letters from L. to O. incidentally mentioned that the bill of sale was intended to secure O. for certain advances and responsibilities, there being no fraud or collusion between L. and O. Id. Where the supercargo and agent of a merchant here delivers goods to a merchant abroad, for sale, and the agent settles with the merchant abroad, according to the account stated by him, with full knowledge of all the facts, without any fraud or imposition, the principal here is bound by the act of his agent, and is concluded from any further claims against the merchant abroad, especially after having kept the account for several years without making any objection to it. Murray v. Toland, 3 Johns. Ch. 569. The assignees of a bankrupt partner, under a separate commission, as tenants in common with the solvent partner, and having got possession of the partnership funds, the solvent partner cannot call them out of their hands or compel them or the partnership debtors, who settled with them, to account. Murray v. Murray, 5 Johns. Ch. 60. An assignee of an assignee of a copartner, in a joint purchase and sale of lands, may sustain a bill in equity against the other copartner and the agents of the concern, to compel a discovery of the quantity purchased and sold, and for an account and distribution of the proceeds. Pendleton v. Wambursie, 4 Cranch [8 U. S.] 73. A partial devisee has no right to call an executor to a general account of the estate, though he may as to the fund in which he is interested. Clifton v. Haig's Ex'r, 4 Desaus. Eq. 345. An account may be decreed between partners, with payment to any partner of his surplus disbursements and profits. Collins v. Dickinson, 1 Hayw. [N. C.] 240. A party applying to a court of equity for an account subjects himself, though plaintiff, to a decree for a balance found due from him to the defendant. Hill v. Southerland's Ex'rs, 1 Wash. [Va.] 128; s. p., Fitzgerald v. Jones, 1 Munf. 150. An account will not be ordered between co-defendants, unless it be necessary to a final settlement, and one, at least, of the parties interested, request it. Craig v. Craig, Bailey, Eq. 102.

amounted in the whole to $2,569 83; which they reported to be due from the defendant to the plaintiffs. The declaration avers the existence of the partnership from the 14th of October, 1828, to the 16th of June, 1829, and that the parties were jointly concerned in conducting and carrying on the business; and that during that time Spear, Carlton & Co. advanced, for the benefit of the company, $10,000, for which they have been in no way indemnified and paid; and that during that time the said Newell received $5,000 over and above his share of the said property and concern, and that he has always refused to account with them or pay them the sum justly due them upon the said partnership concern.

The defendant pleads: 1st. That he was not a partner, &c.; and 2d. Denying that plaintiffs had made any advances for the partnership concern, or that he had received any money or other thing from the said pretended partnership, or refused to account with or pay over to the plaintiffs any sum of money or other thing upon said partnership concern.

Upon the trial of their issues before a jury, the plaintiffs gave in evidence the written articles of agreement, and also proved that during the continuance of the partnership they had advanced for stock and materials $40,000; that they had sold all the paper made at the mill, and received the proceeds according to the account annexed. And it was also proved that upon the dissolution of the partnership, Spear, one of the plaintiffs, (the defendant Newell being present and consenting thereto,) sold the stock and materials of the said partnership then on hand, to the amount of about $1,400, to a new company, consisting of the defendant and some third persons, and charged the same on the books of Spear, Carlton & Co., to the said new company, and credited the old company with the same amount. Upon this evidence a verdict was found for the plaintiffs; and auditors were thereupon appointed to take the accounts; and upon the coming in of their report, exceptions were taken, and the case now comes before the court upon these exceptions.

The principal difficulty in this case grows out of this verdict. For, independent of that, the facts and circumstances of the case, and the report of the auditors, show very clearly that the defendant has not received any of the money or property of the partnership for which he can be called upon to account in this form of action. There are two judgments in the action: the first judgment is, that the defendant do account, usually called a judgment quod computet, which is in the nature of an award of the court, and interlocutory only, and not definitive. It is, however, considered essential that this judgment should be entered (3 Wils. 88), and would seem to imply that the defendant was liable to be called upon to account; but the judgment quod computet being interlocutory

only, must be under the control of the court, and subject to be set aside if improperly entered; it is rather matter of form, for the purpose of referring the cause to auditors. The declaration avers, that the defendant had received $5,000 over and above his share of the partnership property; and the only evidence to sustain, in any manner, the verdict and interlocutory judgment, was, that the stock and materials of this company, to the amount of about $1,400, was sold to a new company consisting of the defendant and some third persons, and for which it was probably supposed, upon the trial, that the defendant ought to be accountable. But this view of the case cannot be sustained, for it was an absolute sale made to the new company, and that company charged with the amount, and credit given for the same on the books of Spear, Carlton & Co. It was, therefore, a transaction closed, and no longer open to be accounted for by the defendant; but, admitting that the defendant was accountable for that specific property, it could not authorize the going into the accounts of the partnership generally, as the auditors have done. Not only is no notice whatever taken by the auditors of the property thus had by the defendant as one of the new company, but the auditors find expressly that no property of the partnership ever came to the hands or possession of the defendant.

It is admitted to be a settled rule of this action, that nothing can be pleaded before the auditors contrary to what has been previously pleaded and found by the verdict. 3 Wils. 88. But to confine the inquiry before the auditors, to the particular property which, it appeared upon the trial before the jury, had come to the possession of the defendant, would not be contrary to what is found by the verdict: and, indeed, the verdict, as entered, must be deemed to have been taken, subject to the opinion of the court; and would doubtless have been set aside, if application for that purpose had been made before the appointment of auditors.

We are, accordingly, of opinion, that the action of account cannot be sustained in this case, and that the report of the auditors must be set aside.

NOTE. Authorities cited on the argument: Co. Inst. 172, cited in Selw. N. P., now said to be the foundation of the action of account. Com. Dig. tit. "Action," E; Willes, 208; Vin. Abr. tit. "Action of Account"; 1 Vt. 97; s. c. 1 Aikin, 145. To show what partners can maintain such action: Selw. N. P. 5; Cro. Eliz. 830; Cro. Car. 116; 3 Wils. 113; Gow. Partn. 83; 3 Bin. 319; 2 Cow. 425; 1 Bin. 193; [James v. Browne] 1 Dall. [1 U. S.] 339; Gow. 83; 2 Chip. 95, 91; Co. Litt. 172a; [Ozeas v. Johnson] 4 Dall. [4 U. S.] 435; 6 Vt. 27. The foundation of this rule, where the action of account will lie, is laid down in Coke. Defendant not concluded by the judgment to account. This is mere matter of form, and the cause goes to auditors, and their report is considered in the nature of a special verdict. 1 Chit. Pl. 243.