EDWARD GROUT AND FREDERICK C. LINDE, ADMINIS-TRATORS, ETC., OF FRANCES GROUT, DECEASED, PLAINTIFFS, v. MARY J. COOPER, DEFENDANT.

*Dower — bequest in lieu of — Election — Ejectment — rents and profits — recoverable in.*

A testator, by his will, gave to his wife all his personal estate and all his real estate during widowhood but no longer, declaring that such bequest and devise was in lieu of dower; and providing further, that "in case my wife shall take any part of my personal estate, it shall be construed into an election by her of the provision herein made for her benefit, so that in case she shall hereafter think proper to marry again she shall thereafter have no right or title, claim or demand to any part of my real estate." *Held,* (1) that the provision in the will declaring the effect of taking the personal estate, merely established what should be deemed conclusive evidence of an election on her part, and did not supercede the provisions of the statutes relating to that subject; (2) that by entering into possession of the real estate and neglecting for more than one year to commence proceedings to have her dower interest set apart to her, she must be deemed to have accepted the bequest in lieu thereof.

After a recovery in ejectment an action was brought to recover the damages arising from the unlawful detention of the property, *Held,* that the right to the rents and profits was limited by statute to those accruing within six years, and that it was not necessary that the statute should be pleaded as a defense to entitle the defendant to its protection.

MOTION by the defendant for a new trial, under section 268 of the Code, after a decision made in this action directing an accounting preparatory to the entry of a final judgment.

The action was brought by the administrators of Frances Grout, deceased, to recover the rents, issues and profits of certain premises which were alleged to have been wrongfully received by the defendant, who was the widow of one Joseph Marshall, the father of the said Frances Grout.

*Edward S. Clinch,* for the plaintiffs.

*E. H. Benn,* for the defendant.

DANIELS, J.:

An action was prosecuted against the defendant in the Superior Court of the city of New York, by the heirs at law of Frances Grout, deceased, and a recovery had for their interest in certain real estate of which Joseph Marshall died seized, and which was withheld from them by the defendants, She was the widow of Marshall, and, by the terms of his will, was bequeathed all his household goods and furniture, personal effects and estate. He then devised to her all his real estate, to have and to hold the same during her widowhood, but no longer. The will then declared: " The bequest and devise herein made are intended to be and are so given in full satisfaction of all claim, or right, or title of dower of, in, or to any part of my real estate in case of her second marriage. And I direct that in case my wife shall take any part of my personal estate, it shall be construed into an election by her of the provision herein made for her benefit; so that if she shall hereafter think proper to marry again she shall thereafter have no right, or title, claim or demand to any part of my real estate whatsoever." She did marry again on the 12th of August, 1863, but the testator's daughter, Frances Grout, took no proceedings to divest her of the possession of any part of the real estate affected by the devise. No action was taken for that purpose until after the decease of Frances, when the suit was commenced by her children in the Superior Court. The complaint in this action alleged that during her lifetime the defendant continued in possession of the real estate, " received the entire income therefrom, and totally denied any right, title or interest of, in or to the same, or of, in, or to the rents, issues and profits thereof, of the said Frances Grout, and has retained in her possession all of such rents, issues and profits."

It did not appear by any direct evidence given upon the trial that the defendant in her own right, or otherwise than as executrix under her husband's will, had ever received any portion of his personal estate; but as she took charge of and carried on his business after the time of his decease, it might very well be presumed that his personal estate passed into her hands, and was actually enjoyed by her. The business could not very well have been carried on by her without being attended with that result.

But even if that were not the case, and she received no part of the testator's personal estate for her own use and benefit, the declaration that the bequest and devise should be in lieu of dower would be none the less effectual in that respect. The provision made declaring the effect of her taking any portion of the personal estate, was merely providing what should be deemed controlling evidence of her election. It did not supercede the statutory provision upon the same subject; and, accordingly, as she did not enter upon the lands to be assigned to her as dower, otherwise than under the authority of the devise, or commence proceedings for the recovery or assignment of her dower within one year after the death of her husband, she is to be deemed as having elected to accept the provision made for her by his will. (3 R. S. [5th ed.], 32, §§ 13, 14; *Chamberlain* v. *Chamberlain*, 43 N. Y., 424, 441.)

She went into possession of all the real estate left by the testator, and enjoyed its rents and profits, which she could only do by virtue of the devise made for her benefit, and in that manner exhibited her intention to accept and receive the provisions made in her behalf by the will of her husband. She held the land solely by and under that authority, and subject to the condition upon which her right was rendered defeasible. It was an acceptance of the provision made in lieu of her dower, and by her subsequent marriage she determined her estate. The cases of *Bellairs* v. *Bellairs* (L. R., 18 Eq. Cas., 510), and *Smith* v. *Van Nostrand* (3 Hun, 450), do not hold such a condition applied to an estate in lands invalid; but the law seems to be settled to that extent the other way. (2 Redfield on Wills [2d ed.], 674–676.)

· It has been urged that the present action cannot be maintained, even if the defendant's estate determined on her subsequent marriage, because Frances Grout, in her lifetime, acquiesced in her

continued possession and enjoyment of the property. And the case of *Roosevelt* v. *Post* (1 Edw. Ch., 579), is cited as an authority sustaining that position; but no such assent as would have deprived her of her rights to her share of the rents and profits of the land was shown upon the trial. It was alleged that the defendant retained possession, and denied the rights of her daughter Frances in the property as well as its rents, issues and profits. And no act of any nature, beyond mere neglect to institute proceedings for the recovery of possession, was shown, from which assent or acquiescence on the part of Frances could be properly inferred. That the defendant held possession on a denial of the rights of her daughter was not denied, and that was sufficient to render it adverse from the time of the determination of the condition on which the defendant's estate depended.

The action in the Superior Court by the children and heirs at law of Frances proceeded upon that theory. It was ejectment for real property wrongfully withheld by the defendant. And, upon the basis of the judgment there recovered, and by force of which the plaintiffs in that action secured possession, the administrators of their mother's estate instituted the present action to recover what the law denominates damages for withholding it, and the rents and profits of the same. (Code, § 167, sub. 5.)

By the decision which was made, their right to that relief was sustained, and as the action was tried as one of an equitable character, a reference was directed to ascertain the amount of such rents and profits; but that direction was given in terms imposing no limit upon the period over which the accounting should be extended. In that respect it was too general. For the right of the successful party to rents and profits in cases of this description has been limited to a period of not more than six years. (3 R. S. [5th ed.], 598, § 43.) And it is not necessary that the statute should be pleaded as a defense to entitle the defendant to its protection. (*Jackson* v. *Wood*, 24 Wend., 443.) To that extent only the right to recover such rents and profits has been declared by the statute. (Id., 597, § 36.) And it cannot lawfully in any case exceed that, and be extended beyond six years from the commencement of the present suit. (*Budd* v. *Walker*, 9 Barb., 493.) In that respect, but in no other, the direction concerning the reference

should be modified; and with that modification, the motion should be denied, without costs.

Davis, P. J., and Brady, J., concurred.

Motion denied, without costs, with the modification suggested in opinion.