*G. and J. PORTER, *against* P. D. SPENCER.

In a matter of account of which this Court has jurisdiction, a writ of *ne exeat republica* may issue, though the plaintiff has sued the defendant at law, and held him to bail; and where a defendant, who had been sued at law, and held to bail, in a case not of equity jurisdiction, was about to depart from the state, *with his bail*, who had sold his property, the Court, from the *necessity* of the case, and to prevent a failure of justice, granted the writ.

To sustain a bill for an *account*, there must be *mutual demands*; not a single matter, but a series of transactions on one side, and of payments on the other.

*September* 27th. THE bill, which was for an account and a *ne exeat*, stated that the plaintiffs were merchant tailors, and had sold clothing to the defendant on a credit of six months; that on the 1st of *January* last, there was a balance of account due to them from the defendant, with interest, of 317 dollars and 85 cents. To recover this sum, the plaintiffs had brought an action at law against the defendant, and held him to bail; and the defendant had pleaded the general issue, merely for delay. That the defendant's father was a special bail, and had, as the plaintiffs were informed, and verily believed, sold all his property in this state, and was about to remove permanently from the state. That the defendant was also about to remove immediately with his father, without leaving any property behind.

The bill was sworn to, and was accompanied also with an affidavit, as to the truth of the material facts charged.

*Henry*, for the plaintiffs.

THE CHANCELLOR. The general language of the cases prior to the time of Lord *Eldon* is, that the writ of *ne exeat* is not to be granted, if the demand be not purely and exclu-
[ * 170 ] sively equitable. (*King* v. *Smith, Dickens*, 82. *Brocker* v. *Hamilton, Dickens*, 154. *Pearne* v. *Lisle, Amb.* 75. *Anon.* 2 *Atk.* 210. *Crosley* v. *Marriot, Dickens*, 609.) If the demand be actionable at law, and the party can be arrested and held to bail, there is no necessity for the writ; and if the case be not bailable, the granting of the writ would be holding the party to bail, when the plaintiff was not entitled to bail at law. The *ne exeat* has accordingly been refused, when the demand was in prosecution at law, *and not bailable*, though the defendant was about to remove with his effects. (*Crosley* v. *Marriot, Dick.* 609. *Case of Gardner*, 15 *Vesey*, 444.)

136

But where a defendant, after a verdict at law, and before judgment, was threatening to go beyond sea, the *ne exeat* was allowed in an early case, (*ex parte Brunker*, 3 *P. Wms.* 312.) by the master of the rolls, though Lord *Talbot* afterwards discharged the writ, and on the ground, principally, that no bill was filed. He added, also, "that the writ ought not to be made use of where the demand is entirely at law, *for there the plaintiff has bail, and he ought not to have double bail, both at law and in equity.*"

The import of this case is, that the rule against the allowance of the writ, where the matter was of legal cognizance, was not then understood to be inflexible, but would be made to yield to cases of necessity, when justice would be defeated without the aid of the writ. In *Atkinson* v. *Leonard*, (3 *Bro.* 218.) Lord *Thurlow* laid down the rule, that if chancery had concurrent jurisdiction, as in the case of a lost bond, it was sufficient to authorize the writ, if the demand was an equitable one; and he granted it as a measure to compel the party to give security to abide the decree; and Lord *Loughborough* only doubted, in *Russel* v. *Asby*, (5 *Vesey*, 96.) whether the *ne exeat* would lie when the defendant might be held to bail at law.

Since the time of Lord *Eldon*, however, it has become settled in the *English* chancery, that though the plaintiff may sue at law for the balance of an account, and hold the *party to bail, yet, as chancery holds a concurrent jurisdiction upon the head of account, the plaintiff may have the *ne exeat*, on a positive affidavit of a threat or purpose of going abroad, even though the defendant's general residence was abroad. (*Jones* v. *Alephsin*, 16 *Vesey*, 470. 11 *Vesey*, 54. and 1 *Ves. & Beame*, 132, 133. *Howden* v. *Rogers*.) In *Amsinck* v. *Barklay*, (8 *Vesey*, 594.) the defendant was arrested at law, and surrendered into custody; he was then held to bail on *ne exeat* for the same sum, and afterwards discharged in the suit at law for want of proceeding. The *ne exeat* was discharged on the ground that the defendant had first been arrested at law and kept in custody, and then discharged; and in *Jones* v. *Sampson*, (8 *Vesey*, 593.) the chancellor admitted his authority to grant the writ where the jurisdictions were concurrent; but he observed, (p. 598.) that if the plaintiff was actually arrested at law, he would not grant the writ.

In the present case, I have some doubts, whether the bill states a matter of account on which the jurisdiction of the Court can attach. To sustain a bill for an account, there must be *mutual demands*, and not merely payments by way of set-off. A single matter cannot be the subject of an ac-

*Margin notes:*

1816.

PORTER
v.
SPENCER.

When a *ne exeat republica* may issue.

count. There must be a series of transactions on one side, and of payments on the other. (*Dinwiddie* v. *Bailey,* 6 *Vesey,* 136. and *Wells* v. *Cooper,* there cited.) I place my interference on the necessity of the case. From the facts charged and sworn to, it appears to me that the remedy in the suit pending at law would be absolutely defeated without the interposition of this Court. The books assume and admit principles that will justify the allowance of the writ under the peculiar circumstances of the present case. The remedy sought is indispensable to prevent a failure of justice, and this creates a marked difference between this and the ordinary cases. I should think it would reflect discredit on the administration of *justice, if the plaintiff could find no relief from the impending mischief arising from a failure of the remedy at law, by the immediate removal of the defendant and his bail. I have no option or discretion to refuse the writ, when a case is brought within the established rules of the Court.

[ * 172 ]

This is not holding a party to bail when he is not entitled to it. Nor is there double bail, for the first bail is going abroad with all his effects, and that too in connection with the defendant; and though I am not free from diffidence, as to the view I have taken of this case, I feel myself bound to declare, from the best judgment I can form at present, that a *ne exeat* ought to be granted. (*a*)

Writ of *ne exeat* granted in the sum of 500 dollars.

(*a*) Vide *Seymour* v. *Hazard,* vol. 1. p. 1, 2.