Judge Carr,
delivered the opinion of the Court. *
This is a bill filed by a carpenter, against his employer, to recover the balance due him for building a house. The dimensions of the house, the manner in which the work was to be done, the sum to be paid, and the days of payment, are stated in a written contract between the parties, filed with the bill. Has equity jurisdiction in such a case ? It is elaiméd on two grounds: 1st. Because this is matter of account, and account is a settled head of equitable jurisdiction. 2d. Because the certificate, given by the plaintiff to the defendant, impedes his course at law, and, therefore, equity ought to entertain him.
For the assertion, that account is a head of equity, authority may be found in several elementary writerá, and books of practice. But, the position is not to be taken in that large and comprehensive sense, given to the word . account in common parlance. To shew this, I will refer *451 u> a few cases. Dinwiddie v. Baily, 6 Ves. 136. The plaintiff, an insurance broker, filed a bill for a discovery and account, of money paid and received by him in that capacity, on account of the defendants, and money due to him for commission, postage of letters, &c., and upon promissory notes endorsed to him; and to restrain an action brought contrary to the universal custom of the business. The defendants put in a general demurrer. Lord Exdon said, “ I should feel infinite reluctance in sustaining such a hill.” After several other remarks, he adds, “it is not to he said, that iu every case where the defendant owes more to the plaintiff, that is a ground for a bill. There must be mutual demands forming the ground. The ease of dower is always considered a case standing upon its own specialties. So is the case of the steward. The nature of bis dealing is, that money is paid in confidence, without vouchers, embracing a great variety of accounts with tenants; and nine times in ten, it is impossible that justice can be done to the steward. If I sustain this bill, there never would be an action iu the city against a broker, without a bill iu equity. 1 hesitate, excessively, in permitting such a bill; and the strong inclination of my opinion is, that the demurrer must be allowed. There is hardly a ease of set-off, in which a bill might not be sustained, if this may.” Time was given to search for precedents; and at a subsequent day, the Chancellor declared; “it was impossible to sustain the bill, without laying down, that wherever a person is entitled to a set-off, be may come into this Court;” and the demurrer was allowed. This, with ihe ease of Wells v. Cooper, decided in the Court of Exchequer, seem to be, considered as giving the rule. In the latter case, Chief Baron Eyre, said, if it was only one matter, it could not be the subject of a bill; but, where there .had been a series of transactions on the one side, and payments on the other, he was not satisfied that it. was not matter of account. In a later case, Corporation of Carlisle v. Wilson, 13 Ves. 879, Lord Erskíne lays down *452 the doctrine rather more largely. He says, ‘‘ the principle upon which Courts of Equity originally entertained, suits for an account, where the party had a legal title, is, that though he might support a suit at law, a Court of Law either cannot give a remedy, or cannot give so complete a remedy, as a Court of Equity; and by degrees, Courts of Equity assumed concurrent jurisdiction in cases of account; for, it cannot be maintained, that this Court interferes only when no remedy can be had at law.” He adds, “the proposition is, not that an account may be decreed in every case, where an action for money had and received, or indebitatus assumpsit may be brought, but, that where the subject cannot be so well investigated in those actions, this Court exercises a sound discretion in decreeing an account,” In Porter v. Spencer, 2 Johns. Ch. Rep. 169, the bill stated, that the plaintiffs were merchant tailors, and had sold clothing to the defendant, on a credit of six months; and, that there was a balance due them of @317 85 cents. The prayer was for a ne exeat and account. Chancellor Kent said, “to sustain a bill for an account, there must be mutual demands, and not merely payments by way of set-off. A single matter cannot be the subject of an account. There must be a series of transactions on one side, and payments on the other. ”
Apply to the case before us, any of the tests established by these authorities, and it will be seen at once, that equity has nothing to do with it. There must be muttial demands. No such thing here; but, on one side, a demand for work and labor; on the other, payments and set-offs alone. “A single matter cannot be the subject of an account;” there must be a series of transactions. Here, the building of the house is the single matter which gives rise to the whole controversy. The principle of interference is, that Courts of Law either cannot give a remedy, or cannot give so complete' a remedy as equity. In the case before us, I think, a Court of Law can not only give a remedy, but a more complete remedy than a Court of Equi *453 ty. It is a simple matter of contract, and work and labor; no want of evidence; no discovery sought. The plaintiff says he has built the house according to contract, and must he paid. The defendant says he has done his work badly; has left it unfinished; has broken his contract; and has received as much as he deserves. Now, this seems to me, a a case peculiarly apt for the decision of á jury from the country; men who understand these matters; and who, with the witnesses before them, with counsel to assist, and a Court to superintend the whole, would settle fairly such a matter as this, in one hour. Whereas,.in equity, it has been depending nineteen years. The commissioner charges 76 hours, making a fee of $ 57. The record is stuffed with innumerable depositions; and the costs of the whole cannot be less than $ 200. Is not this monstrous ? And, if we open the door of a Court of Equity to such a case as this, do we not let in every possible contract, which stipulates that something shall be done on one side, and something paid on the other? It is most clear, therefore, to me, that this is not such matter of account, as equity ought to entertain.
Does the certificate give us jurisdiction? This was a paper given by Smith to Marks, after the building of the house, by which he acknowledged that he had received full satisfaction for the work. If this was true, the plaintiff has no claim. If it was false, he has volunteered his aid to enable the defendant, by his falsehood, deliberately told, to deceive others; and, forgetful of the maxim, that “ he who has done iniquity, shall not have equity,” would found on this very iniquity, a right to the assistance of ;m equitable tribunal. The bare statement of the proposition is sufficient; and I am clear, that the decree of the Chan cellor should be affirmed.
Decree affirmed.

 Judge Coalter, absent.