## VREDENBURGH *vs.* HENDRICKS.

17   179
74h  341

To authorize a judge to issue a warrant for the arrest of a debtor, under the non-imprisonment act, on the ground that he has assigned, removed or disposed of, or is about to dispose of his property with intent to defraud his creditors, the charge must be established by satisfactory evidence, in the form of an affidavit produced before such judge.

Without such affidavit the judge will obtain no jurisdiction over either the subject matter or the party; and a warrant issued by him for the arrest of the defendant will be void, and will not justify an arrest.

There must be an affidavit, and that affidavit must contain *evidence* which, in the judgment of the officer, amounts to *proof* of the charge. Then, and not until then, he may legally issue his warrant.

Where the affidavit alleged, as reasons for the applicant's belief, that the defendant had assigned, removed or disposed of his property, or was about to do so; that he had recently had a legacy of $600 left him, and that he refused to appropriate any part of it to the payment of the applicant's debt; and that when process was served upon the debtor, at the suit of the applicant, he declared that because he had been sued he would not pay one cent of the demand; *Held*, that the affidavit contained no legal evidence of the truth of the charge; and did not justify the issuing of a warrant.

A judgment of the supreme court, reversing proceedings had before a county judge upon an application for a warrant of arrest under the non-imprisonment act, for want of jurisdiction in the county judge, is conclusive upon the question of jurisdiction, as between the parties to such proceeding, *it seems.*

Where a warrant of arrest, under the non-imprisonment act, is issued upon an insufficient affidavit, the warrant is void for want of jurisdiction in the officer; and an action for false imprisonment will lie after the proceedings have been reversed and annulled upon *certiorari.*

THIS was an action for false imprisonment. It was tried before Mr. Justice Wright, at the Ulster circuit, in November, 1852. It appeared upon the trial, that the plaintiff had been arrested by the direction of the defendant, on a warrant issued by the county judge of Ulster, upon the application of the defendant, under the *non-imprisonment act of* 1831. The defendant sought to justify the arrest, under that warrant. The affidavit upon which the warrant was granted, after stating the indebtedness of the plaintiff to the defendant, for which a suit had been commenced, charged that the plaintiff *"had assigned, removed or disposed of, or was about to dispose of his property with intent to defraud his creditors,"* and then proceeded

as follows : " That defendant's reasons for believing so are as follows : that the said Benjamin P. Vredenburgh has recently had left to him, by the will of his father, Peter Vredenburgh, deceased, the sum of six hundred dollars, and refuses to appropriate any part of said legacy towards paying any part of defendant's demand ; that defendant therefore caused a summons to be issued by a justice of the peace, and to be served upon said Vredenburgh, in order to collect said demand ; that said Vredenburgh declared to the officer who served said summons, that he would be damned if he would pay this deponent one cent, because deponent had sued him." It further appeared, that while the proceedings were pending before the county judge, a *certiorari* was allowed by the supreme court, to remove the proceedings into that court, and that, at a general term of the supreme court, held in February, 1852, the warrant and proceedings " were reversed and annulled, and . declared null and void."

The testimony being closed, the defendant's counsel moved for a nonsuit, on the ground that the affidavit and warrant justified the arrest. The nonsuit was granted, and the plaintiff's counsel excepted. Judgment having been perfected, the plaintiff appealed.

*J. Hardenburgh*, for the plaintiff.

*T. R. Westbrook*, for the defendant.

*By the Court*, HARRIS, J. The complaint upon which the defendant founded his application for a warrant was, that the plaintiff, being indebted to him, " had assigned, removed or disposed of, or was about to dispose of, his property, with intent to defraud his creditors." Upon his *establishing* this charge by *satisfactory evidence*, in the form of affidavit, produced before the county judge, that officer was authorized to grant the warrant. Until such evidence should be presented, the judge was expressly prohibited, by the terms of the act, from taking jurisdiction. His power has been aptly represented as contingent.

or conditional. To sustain his jurisdiction, the happening of the contingency (the performance of the condition) must be shown. That contingency or condition is *satisfactory evidence*, by affidavit, *establishing* the complaint. Without such affidavit the judge obtained no jurisdiction over either the subject matter or the party. The warrant was void, and, of course, could not justify the arrest. (*See Broadhead* v. *McConnell,* 3 *Barb.* 189.) There must be an affidavit, and that affidavit must contain *evidence* which, in the judgment of the officer, amounts to *proof* of the charge. Then, and not until then, he may legally issue his warrant.

I think, too, the judgment of this court reversing the proceedings, was conclusive upon the question of jurisdiction, as between these parties. If the judge had authority to issue the warrant, it was the duty of the court to affirm the proceedings. If, on the other hand, the proceedings were *coram non judice*, it was the duty of the court to declare them void. This was the only question in judgment. The only power of this court was, in the exercise of its supervisory jurisdiction, to see that the judge had kept himself within the bounds prescribed by the legislature. If he had, then his decision upon the matters thus confided to him, was final. It having been adjudged that the judge had, in fact, transcended his authority in issuing the warrant, I suppose the question cannot again be litigated.

But, assuming that it is, still an open question, I think the warrant was issued without authority. Evidence tending to establish the charge, even though it might be regarded as slight and uncertain, would perhaps be enough to sustain the warrant, upon the question of jurisdiction. But there must be some legal evidence calling for the judgment of the officer upon its sufficiency. Until such evidence was produced he had not even colorable authority to proceed. I have sought in vain for this evidence in the affidavit upon which the warrant was issued. Two facts only are relied upon as furnishing this evidence. The first is, that the debtor had recently had a legacy left him of $600, and he refused to appropriate any part of it to the payment of the complainant's debt. And, secondly, that when

process was served upon the debtor, at the suit of the complainant, he declared that, because he had been sued, he would not pay one cent of the demand. Had the application been made after judgment, it is possible that the fact of a refusal to appropriate any part of the legacy to the payment of the debt, might have justified the issuing of the warrant, under another provision of the non-imprisonment act. Even this is by no means clear. There is no proof that the debtor was ever asked to make any such application of the legacy, unless it may be inferred from the fact of the alleged refusal. Nor, if such an application was made to him, is it stated when, or by whom, or under what circumstances, it was made. It is extremely questionable, to say the least, whether such an affidavit would be strong enough to uphold a warrant issued after judgment. But however that may be, the fact, as stated, furnishes no evidence tending to convict the debtor of the fraudulent disposition of his property charged against him. Even if he was asked to pay the debt out of the legacy, and had refused, however reasonable or honest it might have been for him to have complied with such request, (and whether it would have been reasonable or honest would depend upon circumstances not disclosed in this affidavit,) it is enough to say he was under no legal obligation to do so. His refusal did not tend to convict him of an actual or meditated fraud in the disposition of his property. He was not bound to make an appropriation of the legacy to the payment of the debt, until it should be established by judgment.

In respect to what is alleged to have been said by the debtor to the officer when he served the summons, it is proper to remark that, although it is positively stated in the complainant's affidavit, it is not likely that he had any personal knowledge of what was said. But, upon a question like this, perhaps it is proper to assume that the complainant knew the fact to which he testified, even though we may be convinced from the circumstances that he only knew it from what the officer had told him. Even then, the fact thus proved would furnish no legal evidence justifying the inference that the debtor contemplated a fraudulent disposition of his property. At the most, the declaration

to the officer was but a refusal to pay the debt. It may have been indicative of dishonesty, but it did not tend to establish the specific charge upon which the complainant relied. In short, there is no evidence whatever in the affidavit, which has a legal tendency to establish the allegation upon which the complaint was founded, that the debtor had assigned, removed or disposed of, or was about to dispose of his property, with intent to defraud his creditors. Allowing every possible legal intendment in favor of the right of the officer to take jurisdiction of the proceedings, it cannot be said that the warrant was issued upon *satisfactory evidence establishing* this charge. It was well remarked by Bronson, J., in *The People* v. *The Recorder of Albany,* (6 *Hill,* 429,) that, in such cases, where " the creditor may be his own witness, for the purpose of procuring the warrant, and may choose his own time for arresting the debtor, it is not too much to require that he should, in the first instance, make out a plain case." (*See Smith* v. *Luce,* 14 *Wend.* 237. *Matter of Bliss,* 7 *Hill,* 187. *Steward* v. *Biddlecum,* 2 *Comst.* 103.)

The warrant being void, it could not protect the defendant when sued as the party who directed the arrest. In *Collamer* v. *Elmore,* cited by Willard, J., in *Mosher* v. *The People,* (5 *Barb.* 575,) it was held, that where a warrant of arrest had been issued upon an insufficient affidavit, an action for false imprisonment might be sustained, even without reversing the proceedings upon *certiorari.* (*See Prosser* v. *Secor,* 5 *Barb.* 607.) It has often been held that the officer who issues process without jurisdiction, and the party at whose instance such process is issued, are liable as trespassers for taking property under such process. (*Merritt* v. *Read,* 5 *Denio,* 352. *Vosburgh* v. *Welch,* 11 *John.* 175. *Miller* v. *Brinkerhoff,* 4 *Denio,* 118.)

I am therefore of opinion that there was error in holding that the warrant was a protection to the defendant in making the arrest. That the warrant was issued without legal authority was *res adjudicata,* and, besides, the affidavit upon which it was issued, being before the court, showed that the proceedings

were *coram non judice.* However honestly the defendant may have acted, the arrest was illegal,. and the nonsuit should be set aside.

[ALBANY GENERAL TERM, September 5, 1853. *Watson, Wright* and *Harris,* Justices.]