LYMAN H. BALDWIN, Plaintiff in Error,
*vs.*
WILLIAM H. HAMILTON, et al., Defendants in Error.

ERROR TO CALUMET CIRCUIT COURT.

A justice of the peace has no jurisdiction in actions for malicious prosecution.

An affidavit to authorize the issuing of a warrant by a justice of the peace, in a criminal case, must be at least colorable; there must be some approach at least, towards charging a criminal offence.

In cases where the justice is totally without jurisdiction, he is liable for all acts done by him, and for all their direct and necessary consequences.

When the process shows on its face that the justice issuing it, has no jurisdiction of the subject matter, the officer is not protected in executing it.

Malicious prosecution is not a criminal offence in this State, not having been made so by statute.

Sec. 8 of chap. 105 of the Revised Statutes, does not contemplate cases of malicious prosecution as understood at common law; but the causing of a person to be proceeded against in law or equity by another, without his consent, or where there is no such person known.

This was an action of trespass for assault and battery, &c., commenced by the plaintiff in error against the defendants in error, in the Circuit Court of Calumet county. Plea, the general issue, and notice of justification, that one of the defendants, Modlin, was a justice of the peace for the county of Calumet; that Marygold, another of the defendants, personally came before him, and on oath made complaint against the said plaintiff, as follows:

" John Marygold being duly sworn and examined, makes complaint and says, that Lyman H. Baldwin did on the 2d day of May, A. D. 1853, at the town of Manchester, in said county, willfully and maliciously and with intent to vex him, the said John Marygold, cause and procure upon him, the said John Mary-

gold, joined with one Patric Donahoe, a prosecution at law to be carried and conducted against the form of the statute in such case made and provided, and against the peace and dignity of the State of Wisconsin, and prays that the said Lyman H. Baldwin may be arrested and dealt with according to law."

To which he, the said John Marygold, subscribed his name, and was by this defendant, Modlin, then and there duly sworn ; upon which complaint this defendant then and there in due form of law as such justice, issued a warrant for the apprehension and arrest of this said plaintiff, Baldwin, which warrant was delivered to a proper officer for execution.

That the defendant Petit was deputy sheriff of said county, and that by virtue of the said warrant, he arrested the plaintiff and took him before the said justice, who proceeded to hear and examine the complaint, and adjudged that there was probable cause to believe the plaintiff guilty of the said charge, and required him to enter into recognizance for his appearance before the Circuit Court of said county. That thereupon the plaintiff entered into such recognizance, and was discharged from custody. The other defendants joined in a similar notice, and the case proceeded to trial at the May term, 1854, of the Circuit Court.

On the trial the plaintiff proved the arrest, by the defendant Petit, who took him before the justice, where he was detained some two or three hours. Evidence was also given tending to implicate the other defendants.

The defendants offered in evidence the affidavit, a copy of which is heretofore given, and also the war

rant issued thereon, and by virtue of which the arrest was made, which is as follows :

"CALUMET COUNTY, }
Town of Stockbridge. }

*To the sheriff or any constable of said county :*

In the name of the State of Wisconsin, you are hereby commanded to take the body of Lyman H Baldwin, if to be found within your county, and him bring forthwith before the undersigned, one of the justices of the peace in and for said county, at my office in said town, to answer unto John Marygold, plaintiff in a plea of trespass for a malicious prosecution, to his damage one hundred dollars or under, and you are commanded to give due notice thereof to the plaintiff. Hereof fail not at your peril.

Given under my hand at Charleston, this 26th day of May, A. D. 1853.

HENRY MODLIN, Justice of the Peace."

And also the return thereon as a justification, which was objected to by the plaintiff, but the objection was overruled, and exception taken.

Upon this evidence the court instructed the jury that the writ on its face did not disclose any want of authority in the magistrate, and as an officer Petit was bound to obey it, and was protected by it. That as to the defendant, Modlin, the affidavit was clearly sufficient to authorize him to issue the warrant That as to the defendant, Marygold, this being a criminal prosecution, Marygold was a witness for the State, and that he was not liable for the affidavit unless it was false. To all of which the plaintiff excepted. The jury returned a verdict of "Not Guilty,' and judgment was rendered thereon for the defendants.

*R. P. Eaton*, for the plaintiff in error.

*H. S. Orton*, for the defendants in error.

*By the Court*, WHITON, C. J. . There can be no doubt that the judgment in this case is erroneous and must be reversed. The affidavit which was made before the justice, by Marygold, appears to have been intended by him as the commencement of a civil suit; an action to recover damages which he had sustained in consequence of the prosecution of him by Baldwin, maliciously, and with intent to vex and trouble him.

The justice appears to have taken the same view of the case, as he issued a warrant complying in form to the Revised Statutes. (*Rev. Stat.*, *chap.* 88, § 33.)

If a justice of the peace had jurisdiction to try and determine such an action, we should think that the proceedings before Modlin, the justice who issued the warrant, were a sufficient protection for him and for all who acted in obedience to his process in good faith. But this is not the case. By section 10, of chapter 88, of the Revised Statutes, actions of this nature are expressly excepted from those of which a justice has jurisdiction.

As the justice was totally without jurisdiction to entertain the case, we do not see how he, or the party who procured the issuing of the process, or the officer who executed it, can be protected, unless the proceedings can be sustained as the commencement of a criminal prosecution.

The judge before whom this cause was tried, considered the proceedings before the justice to be of this nature, as appears by the bill of exceptions; but we think that this view of them is erroneous.

The warrant commands the officer to take the body

of Baldwin and bring him forthwith before the jus-
tice, "to answer unto John Marygold, plaintiff, in a
plea of trespass for malicious prosecution, to his dam-
age one hundred dollars or under."

We do not think that this can be considered a
warrant in a criminal prosecution. But even if it
should be so treated, it would be difficult to sus-
tain it, for the reason that it describes no offence.
We are not aware of any rule of the common law,
which punishes criminally the offence of malicious
prosecution, and we have no statute which changes
the common law in this respect.

Our attention was called at the argument, to section
8, of chapter 105, of the Revised Statutes; but upon
examination we find that it punishes the offence of caus-
ing a person to be proceeded against, by any process or
proceeding in law or equity, in the name of another
without his consent, or when there is no such person
known. This statute can have no application to the
case before us

We are aware that courts have gone far to pro
tect judicial officers who appear to have honestly in
tended to discharge their duty, but who have failed
to comply with the rules of law in proceedings had
before them.

But it is essential that in cases of this nature, the
affidavit should be at least colorable; that some ap-
proach should be made towards charging a criminal
offence. In this case the attempt is not made appa-
rently, to charge any criminal offence, but a civil in-
jury, and one which could not be the foundation of
any action which the justice could entertain. We
must therefore hold that the charge of the circuit
judge was incorrect, and for this reason reverse the
judgment. Judgment reversed.