McMartin v. Bingham.

## McMARTIN v. BINGHAM.

1. **Reference:** WITHOUT CONSENT: RIGHT OF TRIAL BY JURY. The District Court has no power under section 3090 of the Revision to order a reference where the parties do not consent thereto, in cases not cognizable in courts of equity. The exercise of this power under such circumstances would be a violation of the right of trial by jury guaranteed by the Constitution.

2. **Equitable jurisdiction:** IN MATTERS OF ACCOUNT. While courts of equity have a general jurisdiction where there are mutual accounts, and also where the accounts are all on one side, but a discovery is sought, they have not jurisdiction where no such remedy is sought and the accounts are all on one side, or there is a single matter on one side and a mere set-off on the other.

*Appeal from Black Hawk District Court.*

FRIDAY JUNE 11.

ACTION by ordinary proceedings upon an account for legal services and disbursements rendered and made by the plaintiff and his partner to and for the defendant in the State of New York. The plaintiff claims to be the owner of the entire account by assignment from his partner. The account, a copy of which is annexed to the petition, contains fourteen items, under eight different dates, from October, 1856, to May, 1866, and amounting to $8,497.50; and has one credit of $475.

McMartin v. Bingham.

The answer denies the allegations of the petition except as admitted. It then admits certain services charged for, but denies the amounts as charged, and avers that such services were rendered under a special agreement as to price and the same has been fully paid; that said agreed price was paid before the services were rendered and the plaintiff and his partner neglected to perform the services as they agreed to, whereby he sustained great damage. As to other items, the defendant admits the services, but denies the value as charged, and avers payment in full therefor. The defendant also avers full payment for all claims and demands by plaintiff against him. He also pleads, relies upon and sets out the statute of limitations of the State of New York of six years, and also of the statute of Iowa of ten years. The defendant avers his continued residence in New York from the date of the first item up to this time. His non- residence in Iowa is also averred in the petition as ground for an attachment, and a writ was issued and levied upon defendant's property.

The plaintiff filed a reply denying the payment by defendant of any amount except twenty-five dollars not credited in the exhibit to the petition. There had, at the May Term, 1868, been a jury trial, resulting in a verdict for plaintiff for $870.09, which had been set aside by the court for misconduct in the jury. At the October Term, 1868, this order was made: "This cause coming on for hearing and the court being satisfied *from an examination of the pleadings*, that this is an action requiring an examination of accounts between the parties, and the parties not consenting to a reference, it is ordered by the court that the same be referred to a referee, to which order the defendant excepts."

The defendant appeals, and assigns the making of this order of reference as the only error.

*Boies & Allen* for the appellant.

*E. W. Eastman* for the appellee.

COLE, J. — The only question made in this case is one as to the power of the court to direct a reference of a cause when the parties do not consent thereto. Our Code, so far as it bears upon this question authorizes such reference " when the trial of an issue of fact shall require the examination of *mutual accounts, or when the account being on one side only, it shall be made to appear to the court that it is necessary that the party on the other side should be examined as a witness to prove the account*, in which case the referees may be directed to hear and report upon the whole issue, or upon any specific question of fact involved therein." Rev. § 3090, subdivision 1. The New York Code is the same as ours, except that in lieu of the words italicised above it has " a long account on either side." Howard's N. Y. Code, § 271. The Ohio Code authorizes such a reference " in any case in which the parties are not entitled by the Constitution of this State to a trial by jury." Seemy's Ohio Code, § 282.

1. REFERENCE: without consent: right of trial by jury.

Our Constitution provides that " the right of trial by jury shall remain inviolate." Art. 1, § 9. It is probable that our Code, though more specific than the Ohio Code, did not intend to do more than authorize a compulsory reference when the parties were not entitled by the Constitution to a trial by jury; certainly any provision beyond that would be nugatory. Courts of equity have a general jurisdiction where there are mutual accounts, and also where the accounts are on one side, but a discovery is sought and is material to the relief. But where the accounts are all on one side, or where there is a single matter on the one side and mere set-offs on the other,

McMartin v. Bingham.

and no discovery is sought or required, courts of equity have not jurisdiction. See Story's Eq. Jur. §§ 457 to 459. Our Code has specified the precise matter which was formerly of equitable cognizance, and as to which, of course, in that court there was no right of trial by jury. In order, therefore, to ascertain the precise extent of the power of reference given by our Code, we must look to the jurisdiction of courts of equity in matters of account.

The question for our decision, then, is simply this : Is this case such as was formerly cognizable in courts of
2. EQUITABLE  equity ?   And this question we are constrained
JURISDICTION;  to answer in the negative. And we do this,
in matters of
account.  not only upon the general rule of equitable jurisdiction, as above stated, but also upon the specific language of eminent jurists, pertinent and necessary to the decision of the cases before them.

It was said by Chancellor KENT, in *Porter* v. *Spencer*, 2 Johns. Ch. 171, " to sustain a bill for an account there must be mutual demands, and not merely payments by way of set-off." And by Lord LANGDALE, in *Darthey* v. *Clemens*, 6 Beavan, 165, 169, "if the account can be fairly taken in a court of common law, this court will not interfere ; " and by Chief Justice MARSHALL in *Fowle* v. *Lawrason*, 5 Peters, 495, " that a court of chancery has jurisdiction in matters of account cannot be questioned ; nor can it be doubted that this jurisdiction is often beneficially exercised, but it cannot be admitted that a court of equity may take cognizance of every action for goods, wares and merchandise sold and delivered, or of money advanced, when partial payments have been made, or of every contract, express or implied, consisting of various items on which sums of money have become due and different payments have been made. Although the line may not be drawn with absolute precision, yet it may be

safely affirmed that a court of chancery cannot draw to itself every transaction between individuals in which an account between parties is to be adjusted.   In all cases in which an action of account would be the proper remedy at law, and in all cases where a trustee is a party, the jurisdiction of a court of equity is undoubted.   It is the appropriate tribunal.   But in transactions not of this peculiar character, great complexity ought to exist in the accounts, or some difficulty at law should interpose, some discovery should be required, in order to induce a court of chancery to exercise jurisdiction."

Indeed, the Supreme Court of Ohio, in the case of *Johnson* v. *Wallace*, 7 Ohio, 392, even went so far as to hold that where the plaintiff's bill of particulars contained one hundred and seventy-five distinct items, and the defendant's contained upwards of two hundred, that the court had no power to direct a reference; and this, upon the ground that under the Constitution and laws of Ohio, the party had the right to submit his cause to a jury for trial.

Where a case falls within the rules of equitable cognizance, as correctly specified by the Code, there should be no hesitation in the exercise of the power of compulsory reference.   But the right of trial by jury is not only an important right, but it is a right sacredly guaranteed by our Constitution, and should not be tampered with by the legislature, or encroached upon by the courts.   We are not unmindful of the fact that the great press of business in some of our District Courts, and the disproportionate length of time, as compared to the little ultimate importance of the case, which it often takes to try cases brought upon an account, seem almost inexorably to demand their reference, and the economizing of judicial time thereby.   But it is better to suffer the inconvenience and delay resulting from a jury trial of such

causes than to narrow in the least by judicial construction the invaluable right of trial by jury.

Under the New York Code, which is broader than ours, the courts have wisely shown a disposition to limit compulsory references to cases clearly within the language of the provision. It has been there held that an action upon one bill of fifty items was not referable. *Swift* v. *Wells*, 2 How. Pr. 79; so with a bill of seven items of two different dates. *Smith* v. *Brown*, 3 id. 9; so, in a case upon one bill of lading of eleven different items. *Miller* v. *Hooker*, 2 id. 171; a bill of particulars is not an account in the meaning of the Code authorizing a reference when the examination of a "long account" is involved. *Dickinson* v. *Mitchell*, 19 Abb. Pr. 286. See also and especially, *Sharp* v. *Mayor*, &c., 18 How. 213; and *Cameron* v. *Freeman*, id. 310.

In this case there are fourteen items under eight different dates, and two credits. The account is all on one side, and no discovery sought. The defenses are denial, payment, and the statute of limitations. This would not afford a basis for an action of account at the common law, nor for a bill in equity under the former chancery practice. The defendant has a right to a jury trial, of which he cannot be deprived without his consent.

Reversed.