BONESTEEL vs. BONESTEEL and another.

WRIT OF NE EXEAT:   (1–3) *In what actions issued.*   (4) *How it must be attested and sealed.*   (5) *Effect when issued without proper affidavit.* (6) *Liability of party who procures it to be issued and executed.*   (7) *What constitutes restraint of liberty, under such writ.*

1. A writ of *ne exeat* can be issued only for *equitable* demands; and the code, in abolishing distinctions in the *forms* of actions, has not abolished the essential differences between actions for legal and those for equitable relief.
2. The statute (R. S., ch. 129, sec. 11) which authorizes the writ of *ne exeat* to be granted when it is made to appear "that sufficient grounds exist therefor," does not determine what are sufficient grounds, but leaves the law in that respect as before.

3. Such a writ cannot be awarded upon an affidavit which shows that a suit at law upon a promissory note has been commenced against defendant, and that he is about to leave the state for the purpose of residing permanently elsewhere.

4. *It seems* that a writ of *ne exeat* issued by a judge at chambers and signed by him but not attested by the clerk and sealed with the seal of the court, is void, and will not protect the officer or any person connected with the execution thereof.

5. A writ of *ne exeat* issued without any affidavit, or upon one which shows clearly that no grounds exist for granting it, although, if regular on its face, it may protect the officer executing it, will not protect the party who procures it to be issued and executed.

6. One who sues out a void writ *in a civil action*, and procures the officer to execute it by arresting and restraining of his liberty the person named in the writ, is liable for trespass and false imprisonment, even without *express* malice.

7. Upon a writ of *ne exeat*, void for want of a proper affidavit, defendant was arrested and threatened with imprisonment; was compelled to promise, and procure friends to vouch for him, that he would not abscond; and was subjected to expense in procuring an order setting aside the writ, six days after its issue. *Held*, that he could recover for this interference with his person and restraint of his liberty, although he was not actually imprisoned, and did not give the bond required by the writ.

ERROR to the Circuit Court for *Dodge* County.

The action below was by *Jacob P. Bonesteel* against *Belinda R.* and *Augustus D. Bonesteel;* and a judgment having been rendered in favor of the defendants, the plaintiff sued out his writ of error. The grounds of the action in the court below are stated in the opinion.

*Gerrit T. Thorn*, for plaintiff in error, contended that the writ of *ne exeat* was void under sec. 16, art. I of the constitution of this state, which declares that "no person shall be imprisoned for debt arising out of contract, express or implied." As to the class of cases in which *ne exeat* may issue, see Story's Eq. Jur., § 1464. 2. Any intentional detention of a person, not authorized by law, is a false imprisonment; and the arrest of a person upon a writ or process not authorized by law is a false imprisonment. The order of a judge to hold to bail is no de-

fense to an action for false imprisonment, unless the judge is authorized by law to issue such an order. *In Re Gaylord Blair,* 4 Wis., 522; *Howland v. Needham,* 10 id., 497; *Bracket v. Eastman,* 17 Wend., 32; *Chapman v. Dyett,* 11 id., 31; *Brown v. Chadsey,* 39 Barb., 253; *Vredenburg v. Hendricks,* 17 id., 179; *Burns v. Erben,* 1 Robertson, 555; *Williams v. Garrett,* 12 How. Pr., 456; *Coats v. Darby,* 2 Coms., 517. As to the difference between an action for false imprisonment and one for malicious prosecution, see Hilliard on Remedies for Torts, 239; 2 Greenl. Ev., p. 254, secs. 270, 271. See also Rutherford's Inst., 207, 208; 3 Blacks. Comm., 126, 127; 4 id., 217, 218.

*Coleman & Thorp,* for defendants in error:

1. An arrest upon a writ of *ne exeat* is not imprisonment for debt, within the meaning of the constitutional prohibition on that subject; and under our statutes the writ still exists in this state. *Dean v. Smith,* 23 Wis., 483. 2. The distinction between actions at law and suits in equity is abolished by statute (R. S., ch. 122, sec. 8), and the judges of the circuit courts have original jurisdiction to issue writs of *ne exeat.* R. S., ch. 116, sec. 4. The statute (R. S., ch. 129, sec. 11) in substance provides that the writ may issue when it satisfactorily appears by affidavit that sufficient ground exists therefor. We insist that the writ may issue when it *satisfactorily appears to the judge that sufficient grounds exist therefor,* whether the action be such as, prior to the code, was denominated legal or equitable. It is now one of the *provisional* remedies authorized by the statute, and *applicable* alike to *all* civil actions, where sufficient grounds for it exist. 3. Where a magistrate or judge has *general and original* jurisdiction over the subject matter, and a party prefers a complaint to him, or makes an affidavit, upon which the magistrate or judge, erroneously supposing it a case within his authority, grants a writ which is not justifiable in point of law, the party complaining or making the affidavit is not liable as a trespasser, but the only remedy against him is by an action on the case if he has acted maliciously. *West v.*

*Smallwood,* 3 M. & W., 418; *Carratt v. Morley,* 1 A. & E. (N. S.) 18; *Brown v. Chapman,* 6 Man. Gr. & S., 365; *Von Latham v. Libby,* 38 Barb., 339; *Stewart v. Hawley,* 21 Wend., 552; 1 Hilliard on Torts, 235. The cases cited by plaintiff in error are cases in which the officer issuing the writ was an officer having a peculiar and limited jurisdiction. *Von Latham v. Libby, supra.*

LYON, J. *Belinda R. Bonesteel,* one of the defendants in error, who is the wife of the other defendant in error, commenced an action in the circuit court for the county of Fond du Lac against the plaintiff in error, upon a promissory note; and, upon her affidavit, which sufficiently shows that he was about to leave the state for the purpose of residing permanently in the territory of Dacotah, she obtained from the judge of that court at chambers a writ of *ne exeat,* which required the defendant therein to give bail in the sum of twelve hundred dollars that he would not go, or attempt to go, into parts without this state without leave of said court. The writ was signed by the judge and tested in his name, and was made returnable forthwith. It was not signed by the clerk, neither was it sealed with the seal of the court.

The writ was duly delivered to the sheriff of Fond du Lac county to be executed, and he, by virtue thereof, arrested the plaintiff in error and demanded the bond required by the writ, and informed him that in default of giving such bond he should put him in jail. The bond was not given, and the plaintiff in error was not committed to prison, but was permitted by the sheriff to go at large upon the promise of himself, his attorney and Judge Flint, that he would not abscond. Six days after such arrest, the judge who awarded the writ made an order setting it aside; and in procuring such order the plaintiff in error expended, for attorney's fees and other expenses, sixty dollars.

These facts constitute the subject matter of this action,

which was brought by the plaintiff in error against the defendants in error to recover damages for an assault and an alleged false imprisonment.

The complaint is in the usual form of complaints in actions for trespass and false imprisonment. The answer substantially admits the facts above stated, except that it alleges that the sheriff did not, in any way or manner, restrain the plaintiff in error of his liberty, but suffered him to go at large without hindrance or restraint from the time that he was formally arrested until he was discharged. It also alleges that the writ was sued out by *Mrs. Bonesteel* in good faith, under the advice of her counsel, and without malice.

At the trial of the action, and after the plaintiff therein had rested the case on his part, the defendants moved the court to nonsuit the plaintiff, for the following reasons: "1st. Because the proof does not show any cause of action against the defendants; 2d. Because the plaintiff cannot recover unless he shows malice; and 3d. Because the writ of *ne exeat* was issued upon a direct application to a court of general jurisdiction."

The circuit court granted the motion, and gave the defendants judgment for their costs. To reverse such judgment a writ of error is brought by the plaintiff below to this court.

The law is well settled that the writ of *ne exeat* can be issued only for equitable demands. It was so held by Lord Chancellor HARDWICKE in 1741, in *King v. Smith*, Dickens' Rep., 82; and that decision has been followed without exception, so far as we are advised, by all the courts in England and in this country from that time to the present. The following are a few of the numerous cases wherein it has been thus held: *Brocker v. Hamilton*, Dickens' Rep., 154; *Ex parte Duncombe*, id., 503; *Crosley v. Mariot*, id., 609; *Anonymous*, 2 Atkyns, 210; *Atkinson v. Leonard*, 3 Bro. Ch. Rep., 218; *Jackson v. Petrie*, 10 Ves. Jr., 164; *Pearne v. Lisle*, Amb., 75; *Nixon v. Richardson*, 4 Des. Eq., 108; *Seymour v. Hazard*, 1 Johns. Ch., 2; *Porter v. Spencer*, 2 Johns. Ch., 169.

It is quite true that there are cases which seem at first view to be a departure from this rule, but an examination of these cases will show that in all of them the rule is recognized, but the writ was allowed to issue on the ground that the peculiar circumstances of each case brought it within the jurisdiction of a court of equity. (See cases cited in *Porter v. Spencer, supra.*)

But it is argued that inasmuch as the code has abolished the distinction between actions at law and suits in equity, the writ of *ne exeat* may issue properly in any civil action, without regard to the question as to whether it would have been, before the enactment of the code, a legal or an equitable action, provided that the party applying for such writ shows the existence of the grounds therefor required by the statute. R. S., ch. 129, secs. 10 and 11.

There are certain essential and inherent distinctions between actions at law and in equity, to abolish which is beyond the power of legislative enactment. The legislature may abolish the old forms of actions, and has done so, but the essential principles of equitable actions and equitable relief, as distinguished from legal actions and remedies, are as vital now, and as clearly marked and defined, as before the enactment of the code. They are indestructible elements in our system of jurisprudence, and the courts are constantly required to recognize and apply them. We find nothing in the statutes referred to, or in any other law of this state, which enlarges the operation of the writ. The statute (sec. 11, ch. 129) authorizes the court or judge to grant the writ when it is made to appear "that sufficient grounds exist therefor," but it does not prescribe the grounds on which, or the cases wherein, it may issue. We are thus turned back to the law as it stood before the statute was enacted, to ascertain when the writ may issue; and we have seen that it was purely an equitable remedy, and could not be resorted to in an action at law.

For these reasons the writ in this case was improperly awarded. The affidavit upon which it was allowed not only

failed to show that any grounds existed therefor, but it showed affirmatively that no grounds whatever existed for awarding the writ.

But again, the writ was not only *awarded* or *granted,* but it was actually *issued,* by the judge.   This was irregular.   As before stated, it was not signed by the clerk nor sealed with the seal of the court, as the law requires.   Appendix to Revised Statutes of 1858, p. 1040, sec. 7.   I suppose the circuit judge at chambers has no greater power in this respect than a court commissioner.   What would be said of a writ of *ne exeat* or *certiorari* issued by a court commissioner?   Or, indeed, what would be said of a writ of error or any other writ actually issued by one of the justices of this court, without the signature of the clerk or the seal of the court affixed thereto?   Of course, every lawyer would say that a writ thus issued is void, except, perhaps, a writ of *habeas corpus,* which seems to be governed somewhat by special provisions of the statutes.   It could have no more force and effect than it would have were it issued by a justice of the peace, or by any other unauthorized person. There seems to be no difference in principle between such supposed cases and this case.   I think the writ of *ne exeat* is null and void, for want of the signature of the clerk and the seal of the proper court, and, therefore, that it affords no protection to any person acting under it.   *Vredenburgh v. Hendricks,* 17 Barb., 179, and cases cited by HARRIS, J.

But however that may be, we are of the opinion that a writ issued without an affidavit to support it, would be absolutely void (except only that if regular on its face it might protect an officer who executed it), because the statute provides that "no writ of *ne exeat* shall be granted unless it satisfactorily appears to the court or judge, by the affidavit of the plaintiff or some indifferent witness, that sufficient grounds exist therefor."   Sec. 11, ch. 129, R. S.   And we think an affidavit which shows affirmatively, and beyond all question, that no grounds whatever exist for granting the writ, cannot help the writ, but the same is

void in such case as though no affidavit had been presented to the judge. This affidavit of *Mrs. Bonesteel* upon which the writ was issued, is not even colorable; it makes no approach towards setting out a state of facts which would entitle her to the writ, but directly the opposite. You could as well justify the issuing of any other writ based upon it as a writ of *ne exeat.* Suppose the circuit judge had issued a writ of assistance instead, directing the sheriff to eject the plaintiff in error from his homestead (if he had one), and to put *Mrs. Bonesteel* in possession thereof. Would any one claim that it was a valid process, which would protect *Mrs. Bonesteel* who procured it to be executed? Of course not. And yet it seems to us equally clear that the *ne exeat* is void and cannot afford her protection, if she procured it to be executed; and this for the same reason, to wit, that there is nothing to support it.

The writ of *ne exeat*, by virtue of which the plaintiff in error was arrested, being void, the next question is, Was there such an interference with his person or personal liberty as to give him a cause of action against any one?

The evidence shows that he was arrested and threatened with imprisonment; that he was compelled to make a promise that he would not run away; that he also procured his friends to vouch for him; and that he was subjected to considerable expense in obtaining the removal of his disabilities. There can be no doubt that these circumstances constituted such an interference with his person, and was such a restraint upon his liberty, as to give him a right of action therefor.

The remaining question is, whether the evidence shows, or tends to show, that *Mrs. Bonesteel* is liable to respond to the plaintiff in error in damages for such unlawful restraint upon his liberty.

She sued out the writ upon which the arrest was made, and it is doubtless a fair inference from the statements in the answer and from the testimony, that she, by her attorneys, delivered the writ to the sheriff to be executed.

Several cases, both English and American, have been cited, which seem to establish the proposition, that where a party in good faith makes a complaint to a magistrate charging a criminal offense, he would not be liable for a consequent arrest made by direction of the magistrate because the facts stated or proved did not make out the offense. The cases on this subject are collected and reviewed in *Von Latham v. Libby*, 38 Barb., 339. But we think that no case can be found which exonerates the party from liability to an action for trespass and false imprisonment, who sues out a void writ in a civil action, and by whose direction the officer executes it by arresting and restraining of his liberty the person against whom the writ issues.

On the other hand it has often been held, that he who sets the machinery of the court in motion and directs its operations until it culminates in an unlawful arrest upon a void process, must be held liable to the injured party in that form of action. *Kerr v. Mount*, 28 N. Y., 639 ; *Brown v. Chadsey*, 39 Barb., 253 ; *Vredenburgh v. Hendricks*, 17 Barb., 179, and cases cited by HARRIS, J. ; *Baldwin v. Hamilton*, 3 Wis., 747.

We conclude, therefore, that the facts admitted in the answer of the defendants in error, and the evidence given upon the trial of the action, tended to show that *Mrs. Bonesteel* is liable to respond to the plaintiff in error in some amount of damages for such arrest and imprisonment or restraint, and consequently that it was error to nonsuit the plaintiff below.

It is scarcely necessary to add that the presence or absence of actual malice on the part of *Mrs. Bonesteel* does not affect the right of action against her, whatever influence it may have on the amount of damages (if any) which may be awarded to the plaintiff in error when the cause shall be again tried.

*By the Court.* — The judgment is reversed, and a new trial ordered.