Kennicott v. Leavitt.

## BRUNO KENNICOTT
## v.
## MICHAEL B. LEAVITT.

*Master and Servant—Contract of Hiring—Consideration—Specific Performance—Bill to Enforce—Injunction.*

1.  A bill asking in a matter involving personal trust and confidence that defendant be required to retain the complainant in a given employment, should not be filed.

2.  Specific performance of a contract will not be ordered, where the court can not enforce the mutual covenants thereof.

3.  Upon a bill asking for a receiver, an injunction, the specific performance of a contract, for an accounting and rescission of the assignment of a lease, this court holds that complainant's remedy at law is plain and adequate, and declines to interfere with the judgment dismissing the same.

[Opinion filed December 11, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

The bill in this case, filed September 15, 1890, represents that Bruno Kennicott is a resident of Chicago, and has been engaged for twenty years in conducting theatrical and other amusements; that during the season of 1886–7 he was manager of the Windsor Theatre in Chicago, for Philip A. Lehman, the lessee; that in the spring of 1889, the theatre was destroyed by fire and a new theatre was erected; that he made arrangements for the leasing thereof for five years at $46,000; that he opened negotiations with M. B. Leavitt in New York, and went to him with a draft of lease to get him to join with him in the lease; that instead Leavitt struck out complainant's name and executed the lease and in addition a contract as follows:

" I hereby engage Bruno Kennicott as manager of the New Windsor Theatre of Chicago, providing I have such theatre, at a weekly salary of $40 per week, and in addition thereto I agree to give him five per cent of the net profits of said

theatre, the same to be accounted and ascertained at the end of each and every season; it is, however, fully understood that the said Bruno Kennicott is in no way to be considered a partner with me in said theatre, and that he is in all things in and about said management, subject to my direction and approval; he is to be fully competent to perform the duties of manager of said theatre and to render faithful services at all times for the artistic and financial success of the theatre.

"M. B. LEAVITT.

"I hereby agree to accept the above agreement, conditions and arrangements.

"BRUNO KENNICOTT."

That upon complainant's return the owners refused to accept the lease as executed, and insisted upon complainant's name being inserted, whereupon a joint lease was executed by the parties; that an assignment was made of said lease to Mr. Leavitt in consideration of the above contract; that said contract was made with reference to the full term of five years, the employment to cover that period, and that this was the only consideration of the contract. That complainant advanced some $1,500 to cover the cost and expenses of obtaining the lease and opening the theatre, and while it is true he has since had the management of the same, yet Leavitt has interfered with him for the purpose of forcing him to abandon his position. That there is now due him $1,100 for salary besides five per cent of the profits. That Leavitt has full control of the books and funds; that by his direction improper entries are made therein; that Leavitt has failed to pay the rent so that a forfeiture of the lease may be made, and complainant thereby ousted and deprived of his rights under the contract; that the treasurer of the theatre has refused to pay complainant any more salary under the contract; that Leavitt intends to suffer a default in a forcible entry and detainer proceeding already pending, and then to make a new arrangement with the owners ignoring complainant. Prays for a receiver, an injunction and a specific performance of the contract; also for an accounting as to net profits, and for a rescission of the assignment of the lease.

Kennicott v. Leavitt.

Upon general demurrer the bill was dismissed for want of equity, and the complainant has appealed.

Mr. ALLAN C. STORY, for appellant.

Messrs. CASE, HUDD & HOGAN, for appellee.

WATERMAN, J. It is manifest that a court of equity could not compel the complainant to act as manager of this theatre, making him "fully competent to perform the duties of manager," and obtain from him, against his will, "faithful service for the artistic and financial success of the theatre."

It is true that in some cases of engagements by actors, contracts for personal service have been recognized and enforced to the extent of enjoining the actor from singing or playing other than at the place he had contracted so to do.

This is very far from giving to a party by decree, that performance to which, by the terms of his agreement, he is entitled. It is but restraining the defendant from inflicting upon the complainant more injury than his refusal to comply with his agreement necessarily entails. Lumley v. Wagner, 1 De G. & Mac. 604.

The complainant here is asking that in a matter involving personal trust and confidence, the defendant be required to retain him as manager of a theatre.

We have been referred to no case in which such a decree has been made, while the instances are abundant in which the court has refused so to do. Pickering v. The Bishop of Ely, 2 Young & C. 249–266; Ogden v. Fossick, 4 De G. & F. 426; Roberts v. Kelsey, 38 Mich. 602; Marine Co. v. Ripley, 10 Wall, 339–358; Port Clinton R. R. Co. v. Clev. & Tol. R. R. Co., 10 Ohio State, 544–550; De Rivanedoli v. Corsetti, 4 Paige Ch. 263–270. In Stocker v. Brockelbank, 3 Mac. & Gor. 250, 265, Lord Truro said he knew of no instance where it has been supposed that a contract of hiring and service could be made the subject of an application to a court of chancery if the employer claimed the right to discharge his agent or his servant or manager.

Specific performance of this contract can not be ordered because it is impossible that the court should enforce the mutual covenants.

Complainant asks that if the defendant can not be compelled to keep him as manager, the defendant be directed to restore to him the leasehold interest assigned by complainant, because, he says, if he is not permitted to remain as manager, the consideration for such assignment will have failed; but it is manifest that it will only in part have failed. Complainant has been for some time manager, and it is impossible for the court to restore the parties to their original positions. What the loss to the defendant is from keeping the complainant up to the present time in the position of manager, instead of managing the property himself, or employing some third party, can never be known.

It is insisted that the bill should have been retained as one for an account.

Complainant does not allege that he has ever asked for an account; and while it appears from the bill that he is still manager of the theatre, it does not appear either that he is ignorant as to the state of the account, or that there is anything to prevent his ascertaining its condition himself, instead of calling upon a court of chancery to do it for him.

Nor is there any direct allegation that there are any net profits, concerning which an accounting is asked; nor are any facts set forth from which the existence of net profits can be inferred; the only charge upon this subject is upon information and belief, that upon a just and fair accounting complainant is entitled to receive, on account of his interest in such profits, several hundred dollars. The bill fails to make out a case for an accounting in a court of equity. Dinwiddie v. Bailey, 6 Ves. Jr. 136, 140; Freitas et al. v. Dos Santos et al., 1 Y. & Jer. 573; King v. Rossett, 2 Y. & Jer. 33; Porter v. Spencer, 2 Johns. Ch. 171; McMartin v. Bingham, 27 Iowa, 234; Gloninger v. Hazzard, 42 Penn. St. 389.

We see no reason why the complainant's remedy at law for whatever may be due him, is not plain and adequate.

Whether the court below would entertain a demurrer and

motion to dismiss, pending a motion to attach for contempt, was a matter entirely within its discretion.

The judgment of the court below, dismissing the bill for want of equity, will therefore be affirmed.

*Judgment affirmed.*