## Reid Ice Cream Company, Charles A. Russ, D. F. Anderson and B. F. Chase v. Richard H. Stephens.

1. CORPORATIONS—*Shares of Stock, When Liable to Sale on Execution.*—Shares of stock in a corporation can be attached or sold on execution only in the State creating such corporation.

2. COURTS OF CHANCERY—*Employer and Employe.*—A person can not, by a decree of court, be compelled to retain another in his service.

**Bill for Injunction and Relief.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1895. Reversed in part, affirmed in part, and remanded with directions. Opinion filed February 11, 1896.

### STATEMENT OF THE CASE.

On October 22, 1894, Richard H. Stephens filed his bill of complaint against D. F. Anderson, B. F. Chase, Charles A. Russ, James Larney and the Reid Ice Cream Company, a corporation, praying for an injunction and for other relief.

An injunction was issued and served on the defendants D. F. Anderson and the Reid Ice Cream Company. All of the defendants, served with process, filed a general demurrer to the bill; the court sustained the demurrer; leave was granted to the complainant to file an amended bill of complaint without prejudice to the injunction issued in the cause, and to make new parties defendant. On the 17th of the same month the amended bill was filed. The material allegations in the amended bill are substantially as follows:

Prior to October 23, 1893, the complainant and one Van Doren were engaged as partners in the ice cream business, in the city of Chicago, under the firm name of Van Doren-

Stephens Company, and on or about that date the complainant purchased of Van Doren his interest in the partnership; the business was worth, including the good will, $3,000.   After certain negotiations, the complainant entered into a contract with the Reid Ice Cream Company, a corporation organized in, and having its principal office and residence in the State of New York, by which he agreed to sell and deliver to the said company the plant, good will, etc., of the Van Doren-Stephens Company.

In consideration of the transfer of this business the company was to deliver to the complainant " eighteen fully paid up shares of original stock of said company," and to loan the complainant $2,000 upon his note, maturing in two years from date of signing, with interest at four and one-half per cent per annum, said note to be secured by the eighteen shares of stock.   The company also agreed to pay the complainant $100 per month in return for services to be rendered by him to said company.

Pursuant to the terms of the contract, the complainant transferred the business, good will, etc., of Van Doren-Stephens Company to Reid Ice Cream Company and entered into the employ of the company and remained in its employ until the 19th of October, 1894; the company advanced to him $2,000, for which he gave his note and pledged the eighteen shares of stock as collateral security for the same, according to the terms of the contract.

On the 27th of April, 1894, one Fred W. Krause obtained a judgment against the complainant for the sum of $112.50 and costs.   An execution was issued on said judgment and was returned by the constable unsatisfied.   Afterward an alias execution was issued on said judgment and the constable to whom it was delivered attempted to make a levy on the shares of stock belonging to the complainant and held by the Reid Ice Cream Company as collateral security for the payment of the note for $2,000.   A certified copy of the execution was left with the defendant Russ, who was the manager of the company's business in Chicago.

On the 11th day of August, 1894, the constable made a

sale of complainant's interest in the eighteen shares of stock held by the said company as collateral security, to Krause, the plaintiff in the execution, for the sum of $135. Afterward Krause transferred the constable's certificate of sale to the defendant Anderson, upon payment to him of $135 by Russ, who was acting for the company. Although the complainant was in the office of the company from July 30, 1894, the date of the levy under the execution, to October 19, 1894, he was not informed by the company, or by any one connected with it, of the levy and sale of the eighteen shares of stock.

The bringing of the suit by Krause, the obtaining of the judgment in the same, the issue and levy of the execution upon the eighteen shares of stock and the sale thereunder, is alleged to be in pursuance of a conspiracy entered into by the defendants, with others, to deprive complainant of his interest in the said shares of stock, and to furnish the company with a " plausible pretense " for discharging him from its employ.

On October 19, 1894, the president of the company informed the complainant of the sale of the shares of stock under the execution in favor of Krause, and discharged him from the employ of the company.

The amended bill prays that the sale of the complainant's shares of stock be declared void, that he be restored to his position in the Reid Ice Cream Company, that the defendant pay him such damages as he has sustained, including all moneys due on account of salary, a share of the earnings and profits of the company to which he would be entitled as the owner of the eighteen shares of stock, officers', witnesses', attorneys' and solicitors' fees, and punitive damages " by reason of the fraudulent conspiracy."

A general demurrer was filed by the appellants herein to the amended bill of complaint, which demurrer was overruled by the court. The appellants elected to stand by their demurrer. The amended bill having been dismissed as to other defendants, a decree was entered on February 26, 1895.

The decree finds that all the material facts contained in the amended bill of complaint are true; that the complain-

ant was the equitable owner of the eighteen shares of stock of the Reid Ice Cream Company, subject only to the lien of said company as security for the payment of the $2,000 note, and decrees that the judicial sale of the shares of stock be utterly null and void; that the consideration for the transfer of the property, effects, etc., of the Van Doren-Stephens Company to the Reid Ice Cream Company, was the transfer to the complainant of eighteen shares of the capital stock of the company, the employment of the complainant by the Reid Ice Cream Company in its business for two years from November 1, 1893, at $100 per month, the dividends and profits to be derived from the said eighteen shares of stock and the loaning of the $2,000 by the said company to the said complainant. It is further decreed that the complainant recover from the Reid Ice Cream Company and the defendant Russ, all damages that he may have sustained by reason of the fraudulent conspiracy, etc., and that the complainant be restored to his position as an employe of said company; the decree also restrains the company from keeping the complainant out of its employ, and makes perpetual the injunction issued on the original bill.

The injunction issued under the original bill and made perpetual by this decree, restrains the defendant Anderson from disposing of the eighteen shares of stock in the defendant company, and restrains the company from disposing of the note of $2,000. It is from this decree that the appellants herein appeal.

B. F. Chase and Frank P. Leffingwell, attorneys for appellants, contended that the amended bill of complaint was bad for multifariousness. Story, Equity Pleading, Sec. 271; 1 Daniell's Ch. Plead. & Prac., 334; Whiteside County v. Burchell, 31 Ill. 61; Burnett v. Lester, 53 Ill. 325; Boyd v. Hoyt, 5 Paige Ch. 64; Swift v. Eckford, 6 Paige Ch. 22

Courts of equity will not compel one person to retain another in his employ. High, Injunctions, Sec. 1112; Kennicott v. Leavitt, 37 Ill. App. 435; Wangelin v. Goe, 50 Ill. 459; Thomas v. Cook County, 56 Ill. 351.

J. WARREN PEASE and SLEEPER & BARBOUR, attorneys for appellee.

As generally understood, multifariousness in a bill is improperly joining in one bill distinct and independent matters, thereby confounding them; as, for example, uniting in one bill several matters perfectly distinct and unconnected against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill. Mt. C. C. & R. R. Co. v. Blanchard, 54 Ill. 243.

A bill is multifarious when it seeks to litigate several claims or demands which are in their nature separate and distinct from, and have no relation or dependence upon each other. Ryan v. Trustees, etc., 14 Ill. App. 24.

A levy upon and sale, by a constable under an execution from a justice of the peace in this State, of stock in a foreign corporation, having its principal office where its books and papers are kept out of the State, is void.

The sale of the shares of stock is claimed to have been made under section 52 to 57, inclusive, chapter 77, of Hurd's Revised Statutes, 1893.

The Reid Ice Cream Company is a corporation existing under the laws of the State of New York, having its office at the city of Brooklyn, in the State of New York. Its officers are in the city of Brooklyn, and its residence is also there. The books and records have at all times been kept there.

Section 53, Chapter 77, R. S. Ill., provides as follows: "If property has not been attached in the same suit the officers shall leave an attested copy of the execution with the clerk, treasurer or cashier of the company, if there is any such officer, otherwise with any person or officer having the custody of the books and papers of the corporation." Charles A. Russ, with whom a certified copy of the execution was left, was neither clerk, treasurer nor cashier, but was a manager of the company; nor did he have the custody of the books and papers of the corporation; nor was the certificate of the number of shares or amount of the interest

held by appellee given by an officer of the company who keeps a record of the shares, as is provided in section 55. The question is therefore presented whether under this act the stock of a foreign corporation maintaining its office and keeping its records and papers elsewhere can be levied upon and sold under an execution issued from a justice court of the State of Illinois, and levied by a constable in this State.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The attempted levy upon and sale of the stock of this corporation, organized and existing under the laws of the State of New York, was nugatory. Shares of stock can be attached only in the State creating the corporation. Cook on Stock and Stockholders, Sec. 485.

Nevertheless, as it is apparent that the officers of the corporation are disposed to treat the attempted sale as valid, and because of the same to refuse to recognize the rights of appellee as a stockholder, we think that a decree declaring said sale null and void upon the payment by appellee to Russ and said Reid Ice Cream Company of $135 would be proper.

A person can not by decree of court be compelled to retain another in his service. Kennicott v. Leavitt, 37 Ill. App. 435 ; High on Injunctions, Sec. 1112.

No case for restraining by injunction the sale of appellee's note, or for awarding to appellant any damages he may have suffered by reason of any conspiracy against him, is shown.

The decree of the Circuit Court commending the restoration of appellee to his former position as an employe of the Reid Ice Cream Company, and enjoining the said company from keeping appellee out of its employment, must be reversed ; and the decree enjoining the Reid Ice Cream Company from disposing of appellee's note for $2,000 must be reversed.

The cause is remanded to the Circuit Court with directions to reverse the entire decree, and to enter a new decree

setting aside the attempted levy upon and sale of said eighteen shares of stock, and restoring appellee to all the rights therein and thereto he had prior to said attempted levy and sale, provided that appellee shall within a short day, to be fixed, pay to said Russ for said Reid Ice Cream Company the sum of $135—otherwise, to dismiss the bill.

Reversed and remanded with directions.

Neither party will recover costs in this court.